BERT HESS v. JOHN HAYES, Appellant.

Instructions: STATEMENT OF ISSUES: SUFFICIENCY. Where a defend-
ant has the benefit of every fact the evidence tends to prove,
under a statement of the issues embodying the allegations of·
the petition and a general denial of the same, he can not com-
plain that the court failed to make specific reference to certain
special denials of the answer, but containing no new defensive
matter.

Brokers: IMPLIED CONTRACT FOR COMPENSATION: EVIDENCE. . Where
an agency contract for the sale of property contemplates com-
pensation to the agent for services in effecting a sale without speci-
fying the amount, the law will imply an obligation to pay a rea-
sonable sum; and evidence of the usual commission for such ser-
vice in that locality is competent.

Same: INSTRUCTIONS: HARMLESS ERROR. Where the uncontradicted
evidence was to the effect that the usual commission for the sale
of property was a certain percent of its selling price, no preju-
dice could arise from an inference to be drawn from the instruc-
tions that such was the compensation the court thought should
be allowed.

*Appeal from Shenandoah Superior Court.*—HON. W. P.
FERGUSON, Judge.

TUESDAY, APRIL 5, 1910.

ACTION to recover commission for procuring a pur-
chaser at defendant's request for certain property consist-
ing of real estate and a stock of merchandise. On the
issue raised by the answer, in substance denying the alle-
gations of plaintiff's petition, there was a verdict for the
plaintiff, and from the judgment on this verdict defendant
appeals.—*Affirmed.*

*T. S. Stevens,* for appellant.

*Frederick Fischer* and *D. L. Wilson,* for appellee.

McClain, J.—Plaintiff alleged that as a real estate agent he was employed by the defendant to find a purchaser for a stock of merchandise and certain parcels of real property which, as the result of negotiations between defendant and a purchaser procured by plaintiff, were transferred to said purchaser in exchange for a farm; that the services of plaintiff were reasonably worth two percent of the price at which the property was valued in the exchange, and that this was the usual commission. In his answer, the defendant denied the allegations of plaintiff's petition, and specifically denied that he was the owner of the stock of merchandise, and that plaintiff acted for him to any extent or in any form in disposing of the property. The evidence tended to show that defendant authorized the plaintiff to find a purchaser to whom the properties in question could be traded in exchange for a farm, and agreed to pay plaintiff what was right for his services, if such an exchange should be made.

I. In stating the issues, the court set out in substance the allegations of plaintiff's petition, and described defendant's answer as constituting a denial of each and

1. Instructions: statement of issues: sufficiency.

every allegation in the petition contained. It is contended that the court failed in this statement of the issues to take into account certain specific denials contained in defendant's answer. By Code, section 3566, it is provided that the answer may contain a general or special denial of each allegation of the petition and a statement of any new matter constituting a defense. The answer in this case contained a general denial and specific denials, but no statement of any new matter of defense to plaintiff's cause of action. The specific averment in defendant's answer that he was not the owner of the stock of merchandise referred to in plaintiff's petition was neither by way of denial of any allega-

tion which plaintiff had made, nor was it any new matter constituting a defense to plaintiff's action, for if the defendant agreed to pay the commission to plaintiff for finding a purchaser for the stock of merchandise which in fact belonged to his two sons as partners, according to the evidence, and plaintiff produced such a purchaser to the defendant to whom the stock of merchandise and the other property referred to was disposed of, then it was quite immaterial whether in fact the defendant owned the stock of merchandise or not. Defendant had the benefit, under the court's statement that the allegations of plaintiff's petition were denied, of every fact which the evidence tended to establish which could properly have been considered by the jury as constituting a defense, and this was all defendant was entitled to. There was no failure, therefore, on the part of the court in correctly stating the issues to the jury.

II.   The allegations of the petition were that defendant promised to pay the usual commission in case a buyer should be found, and that the usual commission was two percent of the price at which the property 2. Brokers: was sold. The evidence tended to show that implied con- tract for defendant promised to compensate plaintiff compensation: evidence. for his services should he procure a purchaser, and that the customary commission for such services was two percent. The contention for appellant that the contract was too indefinite and uncertain to support a recovery, and that the evidence did not tend to support the allegations of the petition is without merit. If defendant promised to pay plaintiff for his services in the event of the sale of the property to a purchaser procured by plaintiff without more specific contract as to the amount to be paid, the law would imply an obligation to pay a reasonable compensation, and evidence as to what the usual commission in that locality was for such services would be competent as tending to show the reasonable

value which defendant was under obligation to pay. There was no controversy under the evidence as to the usual commission in the community for such services, and there was therefore no failure on the part of plaintiff to establish the contract relied upon and the compensation which the defendant was under obligation to pay.

III. In its instructions to the jury the court properly stated that if defendant employed plaintiff as a real estate agent to dispose of the property in question by

3. Same: instructions: harmless error.

finding a customer to whom it could be sold or traded, and, acting under such employment, plaintiff did find a customer to whom the property was disposed of in exchange, then such facts would constitute a contract, and defendant would be liable to plaintiff for a commission which would be the reasonable value of such services as shown by the evidence; and the jury was then told in another instruction that, if it found for the plaintiff, the amount of his recovery would be such sum as it should be found from the evidence would compensate him for the customary commission and value of his services as real estate agent. From what has already been said, it is evident that these instructions were correct. But it appears that preceding the latter of these two instructions the court had stated at the conclusion of another instruction that, if the jury found plaintiff entitled to recover, the amount of his recovery would be a commission of two percent of the value of the property in question at which it was taken in the trade on a cash basis, and that the court subsequently, before passing the instructions to the jury, crossed out with a pencil the clause last above referred to. The complaint of appellant in this respect is that the court thus improperly indicated to the jury its belief that plaintiff's recovery should be two percent of the selling price of the property. If there was any conflict in the evidence as to the usual commission in that community on the sale of property, the action of

the court in thus allowing the jury to understand what his own conclusion from the testimony was might have been prejudicial error. But there is not the slightest indication in the record of any conflict or controversy on that point. From the evidence the jury could have drawn no other conclusion than that the usual commission was two percent, and therefore, even if the jury accepted the conclusion of the court on that point, no prejudice resulted to the defendant. We would not be justified in reversing a judgment which is in accordance with the undisputed evidence.

Finding no prejudicial error in the record, the judgment is *affirmed.*