FLEMING *v.* JAMES S. HOLDEN CO.

BROKERS—COMMISSIONS — WRITTEN CONTRACTS — PERFORMANCE — QUESTION OF LAW.

> In an action by a real estate broker for commissions on the leasing of land, where the undisputed testimony showed that the terms of the contract, which was in writing as required by section 11981, 3 Comp. Laws 1915, had not been met by the plaintiff, the court below properly directed a verdict in favor of defendant, and such action is not open to the objection that plaintiff was thereby deprived of a trial by jury.

Error to Wayne; Mandell, J. Submitted January 23, 1918. (Docket No. 28.) Decided March 27, 1918.

Assumpsit by John H. Fleming against the James S. Holden Company for the recovery of a commission for the leasing of land. Judgment for defendant. Plaintiff brings error. Affirmed.

*Wilkinson, Routier & Hinkley,* for appellant.

*Stevenson, Carpenter, Butzel & Backus (Thomas G. Long,* of counsel), for appellee.

BROOKE, J.   This action is brought by one real estate broker against another real estate broker for the recovery of a commission for the leasing of land. In 1914, the Capitol Square Building Company was in possession of a 99-year lease of a building known as the Bamlet building, at the corner of Grand River avenue and Griswold street, in the city of Detroit, which they held as sublessee from the original lessee. The lease had still 97 years to run, and the Capitol Square Building Company, being desirous of subleasing the building for the balance of the term, placed it with the defendant, James S. Holden Company, another corporation.   The plaintiff secured from the James S. Holden Company the following contract of employment:

> "JAMES S. HOLDEN CO.
> "Real Estate
> "Building, Fire Insurance, Loans,
> "1102 Penobscot Building.
> "DETROIT, MICH., Sept. 8, 1914.
> "MR. JOHN H. FLEMING,
> "Detroit, Mich.
> "*Dear Sir:* If a lease is made with Robert Williamson for the Bamlet building, corner of Grand River avenue and Griswold street, within a reasonable time, for a period of ninety-seven years, more or less, at terms and conditions satisfactory to the Capitol Square Building Company, we will pay you a commission of $5,000.00.
> "Very truly yours,
> "JAMES S. HOLDEN COMPANY,
> "JAMES S. HOLDEN, President.
> "JSH/EY
> "Signed Sept. 9, 1914.   $500 paid down by R. Williamson to Jas. S. Holden Company.
> "G. D. HART."

It is the claim of plaintiff that the president of the defendant company, Mr. James S. Holden, also delivered to plaintiff a written memorandum in his own handwriting containing the terms and conditions of

the proposed lease.   The original memorandum could not be found, but a copy of it was introduced.   After securing the contract and the memorandum, the plaintiff entered into negotiations with George C. Hart, a real estate broker, who had a client named Robert Williamson, who was looking for the building.   It is the claim of the plaintiff that the terms of the lease were satisfactory to Williamson, and a conference was arranged between the parties and Williamson expressed himself as satisfied with the terms and conditions as submitted, and deposited with Mr. Holden, as good faith of his intention to carry out the lease, the sum of $500, and Mr. Holden was also informed when the papers were to be prepared—October 1, 1914—and the building turned over for occupancy.   Williamson was immediately permitted to occupy the premises, and he started to make certain alterations and repairs, and remained in possession about three weeks, but it does not appear under what conditions or agreement Mr. Williamson went into possession and did this work.   Attorneys representing both parties set about drafting the lease.   Mr. Backus, one of the witnesses connected with drafting the lease, testified as to these negotiations regarding the lease with Mr. Duffield, representing Williamson, as follows:

"The lease was agreed upon between Mr. Duffield and myself as being satisfactory in form on October 8th.   There were several changes made in the draft which we had before us at that time and we decided to retypewrite it and it was retyped in my office and handed back to Mr. Duffield on October 12th, which was Monday, and would have been handed to him sooner if it had not been for an intervening holiday."

The lease was never signed, and the reason for this action is given by Mr. Holden as follows:

"I remember when the last draft or whatever it was, he (Mr. Williamson) came in and said, 'I have a draft of the lease as the attorneys have agreed upon

and I want a few days to look it over,' and the next I knew I was summoned over at a conference in Mr. Duffield's office and he said he was not satisfied because he had not been able to close it by the 1st of October."

Upon the trial of the case, after the taking of testimony had proceeded a short time, the judge dismissed the jury, stating that he thought there was nothing but a question of law involved, saying:

"I will hear all of your proofs now, then later determine whether I will call any jury to aid in the determination of the question of fact."

It is urged that, by this action of the trial judge, the plaintiff was deprived of a trial by jury. We are not impressed that there is any merit to this claim. The right to the commission here claimed is required by law to be evidenced by writing. Act No. 238, Pub. Acts 1913, § 2, subd. 5 (3 Comp. Laws 1915, § 11981) ; *Smith* v. *Starke*, 196 Mich. 311. Plaintiff's right of action is based upon the offer of payment in the letter above set forth, and it must be governed by the terms of that letter. It is therein expressly stated that the commission was only to be paid "if a lease is made with Robert Williamson * * * at terms and conditions satisfactory to the Capitol Square Building Company." We think it clearly appears that plaintiff has no standing in this case because a lease was never made, nor does it appear that Mr. Williamson was ready and willing to accept a lease on terms and conditions satisfactory to the Capitol Square Building Company. In the case before us the defendant was not the prospective lessor and cannot be said to have been in any way responsible for the conduct of such a prospective lessor. If the building company had absolutely and wrongfully refused to go any further with the transaction, under the terms of this offer, the defendant, James S. Holden Company, would not have been liable

for a commission. Neither could the defendant control the making or the not making of a lease, and therefore it was a very reasonable limitation to the right of recovering a commission that a lease was to be made before such a claim could accrue. Neither one of these two conditions having been met by the plaintiff, it follows that there was no liability on the part of the defendant, and the trial judge acted properly in directing a verdict for the defendant.

The judgment is affirmed.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, FELLOWS, and STONE, JJ., concurred. KUHN, J., did not sit.