HANNAN REAL ESTATE EXCHANGE *v.* TRAUB.

BROKERS—COMMISSION—LEASE OF LAND—FRAUDS, STATUTE OF.
A lease for a term of years is a sale of an interest in real estate within the meaning of the statute of frauds (3 Comp. Laws 1915, § 11981), requiring contract to pay commission thereon to be in writing.

Error to Wayne; Shepherd (Frank), J., presiding.

Submitted October 5, 1921.    (Docket No. 20.)    Decided December 22, 1921.

Assumpsit by the Hannan Real Estate Exchange against Robert C. Traub and William H. Traub, copartners as Traub Brothers & Company, for a commission on a lease.    Judgment for defendants on a directed verdict.    Plaintiff brings error.    Affirmed.

*Stellwagen, MacKay & Wade,* for appellant.

*Monaghan, Crowley, Reilley & Kellogg,* for appellees.

WIEST, J.  This suit involves the right of plaintiff to recover a commission for procuring for defendants an extension of their lease of property in the city of Detroit.    The agreement counted upon by plaintiff reads:

"TRAUB BROTHERS & COMPANY
JEWELERS
"Corner Woodward and Grand River Avenues.
DETROIT
"HANNAN REAL ESTATE EXCHANGE,
   "No. 1 McGraw Bldg.,
   "Detroit, Mich.
   "*Gentlemen:*
         "Attention Mr. S. B. Roberts.
"The proposition outlined in your letter of October 30th has had the careful consideration it deserved, and this is to advise you we have decided conclusively, in our own minds, that the Alexander Lewis property is the best suited for our purpose, and it will be absolutely useless for you to ask us to reconsider the matter of a new location.    This is final.

"The other day you mentioned the possibility of getting twenty or twenty-five years more on the Lathrop property, and you probably noticed we pricked up our ears.    It sounds good to us—so good that we will be willing to pay a commission for obtaining an

extension.  This is a matter we will be glad to talk upon.

"Yours very truly,

"Wednesday,          "TRAUB BROS. & COMPANY,
October 31,          "Per ROBERT C. TRAUB."
1917.
A.

Defendants pleaded the general issue and gave notice of the statute of frauds.

Upon the opening statement of counsel for plaintiff the court directed a verdict for defendants on the ground that the commission claimed was for a sale of an interest in real estate within the meaning of the statute and was not evidenced by a sufficient writing.

The statute, section 11981, 3 Comp. Laws 1915, provides:

"In the following cases specified in this section, every agreement, contract and promise shall be void, unless such agreement, contract or promise, or some note or memorandum thereof be in writing and signed by the party to be charged therewith, or by some person by him thereunto lawfully authorized, that is to say:   *   *   *

"5. Every agreement, promise or contract to pay any commission for or upon the sale of any interest in real estate."

Counsel for defendants contend that the instant case is ruled by *Fleming* v. *James S. Holden Co.*, 200 Mich. 519, while counsel for plaintiff insist that the part of the opinion so relied on was mere *dictum* and, therefore, the question is still an open one.  We have examined the record in the *Fleming Case* and find the question so decided and relied upon by defendants was presented, and, therefore, it was not mere *dictum*. The *Fleming Case* is controlling upon the issue here, and the agreement sued upon falls within the statute.

A lease for a term of years is a sale of an interest in real estate within the meaning of the statute above

quoted. As was said by the Supreme Court of the United States in *Waskey* v. *Chambers*, 224 U. S. 564 (32 Sup. Ct. 597, Ann. Cas. 1913D, 998), in speaking of the word "conveyance" used in a statute, "it is not to be narrowly construed but includes leases as well as transfers in fee," citing 2 Blackstone's Comm. p. 317, defining a lease as a conveyance, and Shepard's Touchstone, p. 267, where leases are ranked under the head of grants,—"as in other grants."

The learned circuit judge was right in so holding and in directing a verdict in favor of the defendants, and the judgment is affirmed, with costs to appellees.

STEERE, C. J., and MOORE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.