J ones, J.
 

 The questions of law presented by this record are two-fold: (1) Was the oral extension of time for the performance of the written agreement invalid and unenforceable? (2) Did the defendant by orally consenting to the extension, and by his conduct thereafter, waive his privilege, and was he estopped from claiming invalidity of the oral agreement?
 

 The Legislature of Ohio supplemented its statute of frauds by incorporating therein a provision requiring agreements to pay real estate commissions to be in writing. This statute (Section 8621, General Code), was effective July 9, 1925, and is as follows:
 

 “No action shall be brought * * # to charge a person # * # upon an agreement, promise or contract to pay any commission for or upon the sale of an interest in real estate; * * * unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing, ’ ’ etc.
 

 It is claimed by the plaintiff that this provision, has no application where the defendant has orally agreed to extend the time of performance of the
 
 *343
 
 written agreement; that, if the statute does apply to such oral agreements, his extension of time amounted to a voluntary waiver; and that his conduct thereafter estopped him from taking advantage thereof.
 

 Various text-books and their citations disclose that there has been a wide diversity of opinion in the courts of thi§ country on the question whether the time of performance of a promise required to be in writing may subsequently be extended by an oral agreement between the parties. It would be a work of supererogation to refer to the many cases cited, but we will allude to one which counsel claims to be in plaintiff’s favor, and a leading case upon the subject. This is the case of
 
 Thomson
 
 v.
 
 Poor,
 
 147 N. Y., 402, 42 N. E., 13. The Chief Justice of the New York court, on page 408 of his opinion in that case (42 N. E., 14), says:
 

 “If we were now required to decide the question whether a contract in writing within the statute of frauds can be altered as to the time of performance by a subsequent oral executory agreement made between the parties upon sufficient consideration, we should find the question under the authorities involved in distressing perplexity. It is now the settled doctrine of the English courts, contrary to the earlier rule declared in
 
 Cuff
 
 v.
 
 Penn,
 
 1 Maulé & S., 21, that such a contract cannot be changed as to the mode or time of performance by an oral executory contract.
 
 Stead
 
 v.
 
 Dawber,
 
 10 Adol. & E., 57;
 
 Hickman
 
 v.
 
 Haynes,
 
 L. R., 10 C. P., 598. In many of the states in this country the courts have adopted the rule laid down by Lord Ellenborough in
 
 Guff
 
 v.
 
 Penn, supra,
 
 and have held such proof admissible
 
 *344
 
 on the distinction between the contract, which it was said the statute requires to be in writing, and its performance, to which the statute does not apply. This is the rule in Massachusetts, New Hampshire, Maine, Ohio and Pennsylvania, and perhaps other states. The cases are referred to in a note in Wood, Frauds, p. 758.”
 

 It will be observed that the opinion cites Ohio as one of the states adhering to the earlier rule of the English courts holding admissible proof of an oral executory contract changing the mode and time of performance.
 
 Thomson
 
 v.
 
 Poor, supra,
 
 was decided November 26, 1895. It is manifest that at the time such opinion was rendered the Chief Justice was not cognizant of the rule upon that subject announced by the Supreme Court of Ohio on March 17, 1896, in the case of
 
 Clark
 
 v.
 
 Guest,
 
 54 Ohio St., 298, 43 N. E., 862. This i's evident, since the citations in Wood on Frauds do not include that case. Had the New York jurist known of this later Ohio case, he probably would not have classed Ohio as one of the states unequivocally declaring that the mode and time of performance of a written contract may be extended by oral agreement. We will later refer more at length to
 
 Clark
 
 v.
 
 Guest, supra.
 

 Provisions requiring contracts for commissions of real estate brokers to be in writing, and their incorporation within the statute of frauds, have been adopted by some states and are of rather recent origin. Acting within their undoubted police power, the Legislatures of these states recognized the necessity of passing such a statute. Transactions were frequently occurring where disputes arose between broker and client as to the terms of a contract for
 
 *345
 
 real estate commissions, and, so that they might not be varied in any way by parol, these statutes were passed to avoid such disputes or any uncertainties arising from such oral contracts. The Ohio statute of frauds relating to commissions on real estate definitely provides that no action charging a defendant with a payment of commissions shall be brought upon “an agreement, promise or contract” to pay the commission, unless the agreement, etc., is in writing, signed by the party charged therewith. The contract relating to the commission in this case was to pay a commission in case a purchaser was found within five days. The time of performance was of the essence of the contract, and so made by the written agreement. The addendum appended thereto definitely states:
 

 “To eliminate misunderstandings no verbal agreements will bind either party hereto.”
 

 The contract attempted to be avoided by oral agreement was a definite contract signed by the defendant that he would pay a commission if the property was sold “before the expiration of this agreement.” The oral agreement was a new contract affecting the time of performance, and, by substituting a new time of performance, varied an essential term of the written contract. To hold otherwise would be to nullify the provisions of the statute of frauds with respect to real estate commission contracts.
 

 While many cases have been cited by counsel upon the subject, nearly all of them are cases involving the statutes of frauds touching real estate as the statutes originally stood. Very few have been cited relating to statutes requiring promises to pay real estate commissions to be in writing. Of the many
 
 *346
 
 cases cited
 
 Platt
 
 v.
 
 Butcher,
 
 112 Cal., 634, 44 P., 1060, more nearly than any other stands four square with the present case in its points of similarity. That was an action by a real estate broker to recover commissions. The contract of employment was in writing, and by its terms was to remain in force until September 1, 1885. A short time prior to that date the time of performance was extended by oral agreement, and during such extension the broker found a purchaser for the land and sale was made. In that case, as in this, the question was whether a parol agreement extending the time of performance was valid within the statute of frauds. The California Code (Section 1624, Subdivision 6, Civil Code) provided that “an agreement authorizing or employing an agent or broker to purchase or sell real estate for compensation or a commission” is invalid unless in writing, subscribed by the party thereto or his agent. In its syllabus the California court held that, under the facts recited, a valid extension of the written agreement could not be made by parol.
 

 "Whatever may have been the earlier rule in Ohio, we think that the case of
 
 Clark
 
 v.
 
 Guest, supra,
 
 is decisive upon the feature of the case under consideration, and though not covering the newly enacted statute relating to broker’s commissions it definitely holds that verbal extensions of the time for performance to be valid must be in writing. In the course of the opinion in that case at pages 306 and 307 of 54 Ohio State (43 N. E., 863) it is said:
 

 “The limitation as to time was as much a part of the contract as the right to take the timber.
 
 * * *
 
 He had no legal right to rely upon the verbal
 
 *347
 
 contract, and -where there is no right there can be no fraud. If he intended to rely upon the extension of time he should have caused the contract therefor to be reduced to writing.”
 

 But it is argued that, if it be conceded that the oral extension of time was invalid, still the defendant should be estopped from claiming its invalidity. The peculiar provisions of the statute referred to were enacted to prevent the intervention of fraud. During the existence, of the indefinite extended time for performance, and while the transaction remained unexecuted, the oral promise was invalid, and either party could decline to carry out its terms either in the finding of a purchaser or for the payment of a commission. Had the oral agreement been fully executed, had .the plaintiff secured a purchaser upon the terms agreed upon, and had the listing owner completed his agreement by executing a deed to the purchaser so found, whether in such event the owner would be estopped from his privilege of claiming the invalidity of the oral agreement for extension of time it is not necessary to decide, since we do not find that situation in the present controversy. Whatever efforts the broker may have made in securing a purchaser, it is manifest that the listing owner did not accept the broker’s services in negotiating a sale and did not complete his contract with the broker. So far as he is concerned, the contract remained executory, and under the great weight of authority the principle of estoppel cannot apply to him. It is very evident from the record that, although the realty company after February 23d may have continued its efforts in finding a purchaser for the property, the listing owner, the other party, pro
 
 *348
 
 ceeded on Ms own behalf in disregard of the oral agreement, and about two months later, by employing another broker at a greatly reduced commission, consummated a sale by exchange of properties with Toiler, with whom the plaintiff company .was also negotiating.
 

 Holding these views as to the legislative purpose and efficacy of the peculiar provisions of our statute of frauds relating to real estate sales on commission, we, are of opinion that the oral agreement to extend the time of performance was invalid, and that defendant is not estopped from asserting its invalidity; that pot only should the demurrer to the petition have been sustained, but also the motion of the defendant for judgment at the close of the entire case.
 

 ■ The judgments of the lower courts are reversed^ and judgment will be entered in this court in favor of the plaintiff in error.
 

 Judgment reversed and judgment for plaintiff in error.
 

 Marshall, C. J., Day, Allen, Kinkade, Robinson and Matthias, JJ., concur.