381 P.2d 53

**DRIVER–MILLER PLUMBING, INC.,**
a Corporation, Plaintiff-Appellee,

v.

**Melvin B. FROMM and Lorraine W. Fromm,**
Defendants-Appellants.

**No. 7186.**

Supreme Court of New Mexico.

April 22, 1963.

Ertz & Beasley, Albuquerque, for appellants.

J. Ernest Corey, Albuquerque, for appellee.

MOISE, Justice

Plaintiff (appellee) brought suit against defendants (appellants) to collect a promissory note executed by defendants and to foreclose a real estate mortgage given to secure the note. Defendants generally denied the material allegations of the complaint, and by counterclaim alleged that

they employed plaintiff as a subcontractor to install a radiant heating system in their home which was then under construction; that plaintiff did not make the installation in accord with the contract so that the heating system did not heat the home. Defendants further alleged that although demand was made, plaintiff failed and refused to make the necessary repairs; that defendants made partial repairs at a cost to them of $600.00 and that it would cost an additional $1000.00 to repair the system in the balance of the house. In answer to the counterclaim, plaintiff pleaded that the note sued on constituted an accord and satisfaction in settlement of all dealings between the parties, and denied generally the allegations of the cross-complaint.

Upon trial, the court found that the radiant heating unit was not installed by plaintiff in accordance with the plans, but that the divergence resulted from defendants' preparation of the foundation and base upon which plaintiff was to install the heating unit, and also from compliance with instructions of Melvin B. Fromm, one of the defendants, who was the general contractor on the job. The court also found that the kitchen of the house was enlarged during construction and that the heating system as installed was inadequate, but could be made adequate by plaintiff at a cost of $156.00. The court concluded that plaintiff was entitled to judgment upon the note sued upon, together with a decree foreclosing the mortgage, and that at defendants' election and upon payment of $156.00 by defendants, the plaintiff should install a supplemental heating system in the kitchen of defendants' house. From a judgment on these findings the defendants have appealed.

Their first point upon appeal is that plaintiff failed to sustain his burden of proof on his defense of modification of the contract because oral modification requires more than proof by preponderance or substantial evidence. Appellant contends that proof of oral modification requires proof by clear and convincing evidence, and that plaintiff did not sustain this burden.

Some states undoubtedly require such a degree of proof. However, all states do not. See annotation 94 A.L.R. 1278. So far, it does not appear that we have ever been called upon to directly determine the specific question and in the instant case we do not consider that we are required to do so. We have held that evidence of rescission of a written contract by a subsequent parol agreement must be "clear, positive and above suspicion." Archuleta v. Velasquez, 60 N.M. 97, 287 P.2d 989. If we assume that this same higher quantum of evidence is required to establish modification of a writ-

ten agreement by parol, we are satisfied that it was here present. Aside from the direct testimony of the plumber who did the installing and who stated that in performing the work he followed instructions of Mr. Fromm who told him how he wanted the lines laid, it appears that Mr. Fromm was a builder and was acting as general contractor on the job; there was evidence that the sand and roofing paper were placed as they were by Mr. Fromm, ready to receive the heating lines; that in negotiating a solution of the problem of lack of heat, no mention was made by Mr. Fromm of any unauthorized deviations from the specifications that might have been the cause of the difficulty; that one of defendants' witnesses testified that plaintiff agreed to raise the pipes and charge defendants only for their cost of labor and material and Mr. Fromm agreed to this arrangement; and, last but most convincing, that long after the job had been completed and the inadequacy of the heat must have been known (the contract was performed in late 1958 and the note was dated January 1, 1960), the defendants signed the note settling all dealings between the parties to that date. It follows that this point must be ruled against the defendants.

The second point on appeal is to the effect that plaintiff should have been held liable in damages to defendants on their counterclaim because of breach of warranty to furnish a radiant heating system as specified and which would be usable as installed.

■ As to the claim that there was a breach of warranty in failing to furnish the system specified, the discussion above should be a complete answer. The court found, and the finding is amply supported by adequate proof under the most stringent requirements, that the installation was made by plaintiff in accordance with instructions from Melvin B. Fromm, the general contractor, and with his knowledge and acquiescence. Accordingly, no complaint can be made that plaintiff failed to comply strictly with the original specifications.

■ Concerning the claimed implied warranty that the system when installed would be usable, we call attention to the fact that Mr. Fromm obtained the specifications and gave them to plaintiff. Also, it was Mr. Fromm who gave the directions with reference to the deviations therefrom. We see no basis for a claim that plaintiffs should be held responsible for the failure of the system to heat satisfactorily.

This case is very like Staley v. New, 56 N.M. 756, 250 P.2d 893, the only difference being that here Mr. Fromm, the owner and general contractor, made certain changes in the specifications, whereas

**120**

no changes were made in the Staley case. However, this difference in the factual situation in no way alters or affects the rule there announced. Under the facts, plaintiff cannot be held to have warranted that the system would operate satisfactorily.

It follows that the judgment appealed from should be affirmed.

It is so ordered.

COMPTON, C. J. and CHAVEZ, J., concur.