418 P.2d 852

Paul C. YRISARRI, and Brown Realty Company (*Formerly The Sam Brown Company, Inc.*), a corporation, Plaintiffs-Appellees and Cross-Appellants,

v.

Clifton H. WALLIS, Defendant-Appellant and Cross-Appellee.

No. 7932.

Supreme Court of New Mexico.

Aug. 29, 1966.

Rehearing Denied Oct. 18, 1966.

Toulouse, Ruud, Gallagher & Walters, Albuquerque, for appellant.

Harry O. Morris, Albuquerque, for appellees.

## OPINION

WOOD, Judge, Court of Appeals.

This appeal involves a real estate brokerage agreement.

Defendant, by written agreement, authorized plaintiffs to act as defendant's exclusive agent in negotiating a lease of defendant's real estate with a motel chain. Defendant agreed to pay a commission of 5% of the total lease price, plus 3% sales tax on the commission, at the time of closing.

A lease between defendant and the motel chain was entered for a term of 54 years with a firm minimum rental of $669,250.00. Subsequently, the lease was rescinded due to a problem in connection with defendant's title. There is no issue concerning the rescission.

Plaintiffs sued defendant for $34,466.38, this being the amount of the commission and sales tax. Defendant claimed that no commission was due. The trial court found that the written agreement was orally modified to provide that the commission was to be paid at the rate of $50.00 per month for the lifetime of the lease and entered judgment accordingly. The trial court further found that this modification was neither reduced to writing nor signed by the defendant.

Both parties are dissatisfied with the trial court's judgment. Defendant claims that by the oral modification the commission was to be paid out of the proceeds of the lease. Since the lease was rescinded there were no proceeds. Thus defendant claims there is no commission to be paid. Plaintiffs by cross-appeal claim that under our statute, there cannot be an oral modification of the written agreement and therefore the commission provided for in the written agreement is due and payable.

Our statute is § 70-1-43, N.M.S.A. 1953, and reads:

"Any agreement entered into subsequent to the first day of July, 1949, authorizing or employing an agent or broker to purchase or sell lands, tenements, or hereditaments or any interest in or concerning them, for a commission or other compensation, shall be void unless the agreement, or some memorandum or note thereof shall be in writing and signed by the person to be charged therewith, or some other person thereunto by him lawfully authorized. No such agreement or employment shall be considered exclusive unless specifically so stated therein."

Defendant argues that his employment of plaintiffs was to negotiate a lease, that a lease for a term of years is personal property and that § 70-1-43, N.M.S.A. 1953, does not apply to personal property. State ex rel. Truitt v. District Court of Ninth Judicial Dist., Curry County, 44 N.M. 16, 96 P.2d 710, 126 A.L.R. 651,

held that a lease of real estate was personalty. However, the court also stated that "a leasehold for a term of years is an interest in land." While the lease is personalty, the leasehold estate is an interest in land.

██ During the life of the lease, the interest of the lessee in the leasehold is, for practical purposes, equivalent to absolute ownership. Tri-Bullion Corp. v. American Smelting & Refining Co., 58 N.M. 787, 277 P.2d 293. When the owner of real estate engages a broker to negotiate a lease of that real estate for a term of years the transaction is the sale of an "interest in or concerning" land. Hannan Real Estate Exch. v. Traub, 217 Mich. 162, 185 N.W. 706. Therefore § 70–1–43, N.M.S.A. 1953, applies to the commission arrangements between the parties.

Plaintiffs contend that parol evidence is not admissible to vary the terms of an unambiguous contract, relying on Woodson v. Lee, 73 N.M. 425, 389 P.2d 196. The terms of the written listing agreement are not challenged and no claim is made that the terms are ambiguous. Maine v. Garvin, 76 N.M. 546, 417 P.2d 40, opinion issued July 18, 1966, applied the parol evidence rule to a real estate brokerage agreement. In Maine it was stated:

"* * * We consider the parol evidence rule to be fully applicable together with all the exceptions recognized in connection with any other writing. Parol evidence may not be received when its purpose and effect is to contradict, vary, modify, or add to a written agreement, but is generally admissible to supply terms not in the written contract, to explain ambiguities in the written agreement, or to show fraud, misrepresentations, or mistake. * * *"

The terms of the written listing agreement are not challenged and no claim is made that the terms are ambiguous. Nor is there a claim of fraud, misrepresentation or mistake. The parol evidence rule would apply if the oral evidence were offered to vary the written agreement to pay a commission.

██ Defendant contends that oral evidence is admissible to show a subsequent modification of the written agreement to pay a commission. He contends that the parol evidence rule is not applicable when the oral modification pertains to events subsequent in time to the initial agreement, relying on Driver-Miller Plumbing, Inc. v. Fromm, 72 N.M. 117, 381 P.2d 53; and Michelson v. House, 54 N.M. 197, 218 P.2d 861. Under certain conditions, oral modifications subsequent in time to the initial written agreement have been approved. See Yucca Mining & Petrol. Co. v. Howard C. Phillips Oil Co., 69 N.M.

281, 365 P.2d 925; Provencio v. Price, 57 N.M. 40, 253 P.2d 582.

■ However, none of the above cases dealt with the issue in this case, which is whether parol evidence is admissible under § 70-1-43, N.M.S.A. 1953, to show an agreement different from the initial written agreement. This issue was raised, but not decided, in Taylor v. Unger, 65 N.M. 3, 330 P.2d 965.

The following cases dealt with attempted modification of written agreements for sale of real estate on the basis of subsequent events. Weldon v. Greer, 29 Ariz. 383, 241 P. 957; Rice Lands & Products Co. v. Blevins, 61 Cal.App. 536, 215 P. 402; Parks v. Underwood, 280 S.W.2d 320 (Tex.Civ.App.1955). In each of these cases the oral modification based on subsequent events was denied because the oral modification pertained to and would vary the terms of the written agreement.

Franke v. Blair Realty Co., 119 Ohio St. 338, 164 N.E. 353, states:

"The contract attempted to be avoided by oral agreement was a definite contract signed by the defendant that he would pay a commission if the property was sold 'before the expiration of the agreement.' The oral agreement was a new contract affecting the time of performance, and, by substituting a new time of performance, varied an essential term of the written contract. To

hold otherwise would be to nullify the provisions of the statute of frauds with respect to real estate commission contracts."

■ If, as defendant contends, the subsequent events did not pertain to the initial agreement, then they must pertain to another agreement between the same parties—that is, a contract separate from the initial agreement. This would be a new contract. This new contract concerning the commission would be subject to the provisions of § 70-1-43, N.M.S.A. 1953. Such an agreement must be in writing. Carney v. McGinnis, 68 N.M. 68, 358 P.2d 694; Harris v. Dunn, 55 N.M. 434, 234 P.2d 821, 27 A.L.R.2d 1277.

The trial court found that the subsequent agreement claimed by defendant was not reduced to writing and was not signed by the defendant. This finding is not challenged. By the terms of the statute the subsequent agreement is void.

Defendant asserts that the purpose of § 70-1-43, N.M.S.A. 1953, is to protect the owner from a broker's claim for a commission on the basis of an oral agreement. Defendant contends that the statute is solely for the protection of the owner and that a broker cannot invoke the statute "contrary to the interest of the owner."

"Any agreement" for a commission is void if the agreement does not comply

with the requirements set forth in the statute. The statute does not say that an agreement is void only when contrary to the interest of the owner; it applies equally to all who come within its provisions.

■ In his contention that the statute should not be applicable to his defense of subsequent modification, defendant relies on Hecht v. Marsh, 105 Neb. 502, 181 N.W. 135, 17 A.L.R. 1. The Nebraska case held that a party to a contract within the statute of frauds may be estopped by his conduct from disputing a subsequent oral modification of that contract. Estoppel is an affirmative defense. Defendant did not plead estoppel as required by § 21-1-1 (8) (c), N.M.S.A. 1953. Estoppel against the plaintiffs was not litigated at the trial. The trial court did not decide the issue of a possible estoppel against the plaintiffs. Accordingly, estoppel is not an issue in this appeal. Skidmore v. Eby, 57 N.M. 669, 262 P.2d 370.

■ Defendant contends that plaintiffs had a fiduciary relationship with defendant. We agree. Mitchell v. Allison, 54 N.M. 56, 213 P.2d 231. As a fiduciary, plaintiffs were required to exercise the utmost good faith toward defendant throughout the transaction. Iriart v. Johnson, 75 N.M. 745, 411 P.2d 226. Defendant did not request the trial court to make a finding as to a possible absence of good faith on the part of plaintiffs. accordingly, any claim as to absence of good faith on the part of plaintiffs is waived. Hinkle v. Schmider, 70 N.M. 349, 373 P.2d 918.

■ The trial court found that title to the real property was in Van Wallis Trailer Company. The trial court also found that this was a corporation controlled by defendant and that defendant executed the lease as owner of the real property. Defendant asserts that Van Wallis Trailer Company is an indispensable party. If a person's interests are necessarily affected by the judgment, such a person is an indispensable party. State Game Commission v. Tackett, 71 N.M. 400, 379 P.2d 54. The suit was to enforce payment of a commission, it was brought on the basis of defendant's written agreement to pay the commission. The interest of Van Wallis Trailer Company is not necessarily affected by a judgment against defendant.

■ The trial court found that plaintiffs "duly performed all the conditions and services on their part to be performed" under the written agreement of defendant to pay a commission. However, its judgment in favor of plaintiffs was based on the oral modification. This oral modification is void. The judgment of the trial court is reversed with instructions to set aside the present judgment and enter a

new judgment in favor of plaintiffs in the amount of $34,466.38.

It is so ordered.

CHAVEZ, NOBLE, and MOISE, JJ., and E. T. HENSLEY, Jr., C. J., Ct. App., concur.