442 P.2d 782

**A & P CONSTRUCTION COMPANY, Inc.,**
**Plaintiff-Appellee,**

v.

**Ronald V. DORN, Jr., Defendant-Appellant.**
**No. 8562.**

Supreme Court of New Mexico.

July 1, 1968.

Rueckhaus, Brown, Baron & Sedillo, Albuquerque, for defendant-appellant.

Menig & Sager, Harold H. Parker, Albuquerque, for plaintiff-appellee.

OPINION

NOBLE, Justice.

Dr. Ronald V. Dorn, defendant below, has appealed from an $1,844.91 judgment against him and from the dismissal of his counterclaim against A & P Construction Company, plaintiff below.

The trial court found that the parties entered into a written contract for the construction of an addition to, and certain remodeling of, the Dorn home. Numerous changes were verbally made in the plans as the work progressed. The court expressly found the parties set aside the original contract and reached a compromise and settlement of their differences as to the amount owed to the contractor and that in reliance upon the compromise and settlement the contractor released liens it had filed against the Dorn property.

Dr. Dorn has challenged the finding that the original contract was rescinded by parol, and that the parties, on May 18, 1966, reached a compromise agreement as to the balance owed on account of the construction. He asserts that the evidence falls short of the character of proof necessary to effect a verbal rescission of a written agreement and that there is no substantial evidence to support the finding of an agreed amount constituting a compromise.

It is true that evidence of rescission of a written contract by a subsequent parol agreement must be clear, positive and convincing. Archuleta v. Velasquez, 60 N.M. 97, 287 P.2d 989. However, our re-

view of the record convinces us that the challenged finding is so supported.

■ The written contract provided that the cost of the remodeling and new construction according to the plans and specifications was to be on a cost-plus basis. However, the record discloses numerous modifications, additions, and changes of the plans and specifications by mutual verbal understanding of the parties. It is agreed that numerous disagreements arose over the amount claimed by the contractor by· reason of those changes. Several conferences were held and letters exchanged between the parties concerning the differences. Dr. Dorn had arranged a loan to pay an existing mortgage and to finance the new work. A title company acting as escrow agent prepared more than one escrow statement showing balances due the contractor, both out of escrow money and an additional amount to be paid by the Dorns. All of these were rejected by Dr. Dorn, except the final one dated May 18, 1966, which showed a total of $29,031.26 due the contractor from escrow funds of which $1,-844.91 remained to be paid by the Dorns. That statement appears to have been signed by Dr. and Mrs. Dorn as "Approved & Accepted" by them. Although the Dorns testified that they did not intend a compromise settlement when they accepted and approved the closing statement, and rely on their refusal to sign a promissory note as corroborating this fact, their denial conflicts with what their conduct and actions reasonably signified so far as appellee was concerned, and upon which it relied in surrendering all lien rights. Although not convinced that the facts as proven support a finding of rescission, we are nevertheless clear that whether or not rescinded, a finding of compromise and settlement was clearly established. Accordingly, it is not material whether there was a rescission or not.

Dr. Dorn relies on Driver-Miller Plumbing, Inc. v. Fromm, 72 N.M. 117, 381 P.2d 53. We see nothing in that case which is contrary to the conclusion reached here.

 What has been said disposes of appellant's second point, that the trial court erred in dismissing his counterclaim as a matter of law unless there was a new parol agreement between the parties. The trial court found such an agreement. We have held the finding has substantial support in the evidence.

It follows that the judgment appealed from should be affirmed.

It is so ordered.

MOISE and COMPTON, JJ., concur.