Ronald G. **FERGUSON**, Petitioner,

v.

**DISTRICT COURT OF OKLAHOMA COUNTY, and Honorable A. L. Rakestraw, Judge of Said Court, Respondent.**

No. 49064.

Supreme Court of Oklahoma.

Dec. 16, 1975.

David Eldridge and David Pardue, Oklahoma City, for petitioner.

Edward Goldman, Oklahoma City, for respondent.

HODGES, Vice Chief Justice.

The question presented is whether a tenant in possession under a purported lease, who is not holding over, may be deprived of possession of the premises through an action in forcible entry and detainer, before a special judge of the district court. Petitioner asserts that the action must be tried in ejectment. We agree.

An action was filed for the foreclosure of an office building. When the action was commenced, the title holder of the property was Harvey Homes, Inc. Subse-

quently, on April 1, 1975, Harvey Estes as president of Harvey Homes, Inc., executed a warranty deed to Mid-America Properties Corp., whose president was Boyd Waddle.

On May 3, 1975, Boyd Waddle allegedly leased eight offices in the building to Ronald G. Ferguson (Ferguson) by letter agreement. The agreement gave Ferguson free rent in the office space until November 1, 1976.

A receiver of the property was subsequently appointed. On October 21, 1975, the receiver filed a forcible entry and detainer action against Ferguson. Ferguson filed a verified answer. He alleged: he was not a tenant holding over; he was in peaceable possession under the terms of the lease; and therefore, the court was without jurisdiction under 12 O.S.1971 § 1148.-3[1]. The court ruled that it had jurisdiction to try the case. Petitioner requests that we assume original jurisdiction and grant a writ of prohibition.

The Oklahoma Constitution Art. 7 § 8(h) provides limitations on jurisdiction of special judges shall be prescribed by statute. Pursuant to 20 O.S.1973 Supp. § 123(2) special judges may hear actions for forcible entry and detainer where the defendant does not assert title to the land. This limitation is also set forth in 12 O.S. 1971 § 1148.6:

"No answer by the defendant shall be necessary, but if the defendant wishes to assert title to the land or that the boundaries of the land are in dispute, he shall, before the time for the trial of the cause, file a verified answer or an affi-

davit which contains a full and specific statement of the facts constituting his defense of title or boundary dispute. If the defendant files such a verified answer or affidavit, the action shall proceed as one in ejectment before the proper division of the district court. If the defendant files an affidavit he shall file answer within ten (10) days after the date the affidavit is filed."

■ A lease is a contract between the lessor and lessee. It vests a right in the lessee to the possession of land for a definite term. A lease becomes a grant of an estate in real property when it takes effect in possession. *Howard v. Manning,* 79 Okl. 165, 192 P. 358, 12 A.L.R. 819 (1920); *Sublett v. City of Tulsa,* 405 P.2d 185, 200 (Okl.1965). During the term of the lease, the lessee holds an outstanding leasehold in the premises which for all practical purposes is equivalent to absolute ownership. The estate of the lessor during such time is limited to his reversionary interest which ripens into perfect title at the expiration of the lease. *Tri-Bullion Corp. v. American Smelting & Refining Co.,* 58 N. M. 787, 277 P.2d 293, 297 (1954); *Yrisarri v. Wallis,* 76 N.M. 776, 418 P.2d 852 (1966); 51C C.J.S. Landlord & Tenant § 202(9), p. 529.

■■ In addition to the cited statutes, it has been held by this court that the legal sufficiency of a questioned title to real property cannot be determined in a forcible entry and detainer action. *Dix v. Burkhard,* 191 Okl. 443, 130 P.2d 837, 839 (1942); *Lyons v. Lyons,* 185 Okl. 70, 90 P.2d 391 (1939). The unlawful detainer

I. 12 O.S.1971 § 1148.3 delineates the extent of jurisdiction under the Forcible Entry and Detailer Act:
  "Proceedings under this Act may be had in all cases against tenants holding over their terms; in sales or real estate on executions, orders or other judicial process, when the judgment debtor was in possession at the time of the rendition of the judgment or decree, by virtue of which such sale was made; in sales by executors, administrators, guardians and on partition, where any

of the parties to the partition were in possession at the commencement of the suit, after such sales, so made, on execution or otherwise, shall have been examined by the proper court, and the same by said court, adjudged valid; and in cases where the defendant is a settler or occupier of lands and tenements without color of title, and to which the complainant has the right of possession. This section is not to be construed as limiting the provisions of the preceding section."

action herein sought is purely possessory. A tenant who is in possession under a purported lease, who is not holding over, may not be deprived of possession of the premises through an action in forcible entry and detainer. The action must be tried in ejectment.

We, therefore, assume original jurisdiction and issue a writ of prohibition with directions for the trial judge to transfer the action to the proper division of the district court.

WILLIAMS, C. J., and BERRY, LAVENDER, BARNES, SIMMS and DOOLIN, concur.

DAVISON and IRWIN, JJ., dissent.