**CHAMBERLAIN, KIRK & CLINE, INC., Plaintiff–Appellant,**

v.

**Charles G. IRVINE and Charles A. Eagle, d/b/a Eagle–Irvine Realty Co., Defendants–Appellees.**

**No. 86–1800.**

Court of Appeals of Iowa.

April 20, 1988.

Mark D. Sherinian and Thomas D. Hansen of Hanson, Bjork & Russell, Des Moines, for plaintiff-appellant.

John R. Mackaman of Dickinson, Throckmorton, Parker, Mannheimer & Raife, Des Moines, for defendants-appellees.

Heard by OXBERGER, C.J., and HAYDEN and SACKETT, JJ.

OXBERGER, Chief Judge.

Plaintiff, Chamberlain, Kirk & Cline, Inc. (Chamberlain), brings this appeal to challenge the district court's judgment denying it a real estate commission. Chamberlain contends the district court erred by granting the defendants' motion for summary

judgment, overruling its motion for summary judgment, and in denying its motions for sanctions. We affirm.

The defendant, Eagle–Irvine Realty Co. (Eagle–Irvine), is the owner of a piece of real estate. Chamberlain knew Eagle–Irvine was seeking a tenant for the premises and initiated a meeting with Eagle–Irvine. A listing agreement was prepared giving Chamberlain the exclusive right for six months to find a tenant and providing for a commission to be paid to Chamberlain. A tenant was found and a written lease was executed. Chamberlain received a commission after the lease was executed.

The lease agreement was executed November 9, 1978, and contains a clause stating Chamberlain is entitled to a commission upon the renewal of the lease; the clause did not specify the amount of the commission to be paid. The tenant renewed the lease, but no commission was paid by Eagle–Irvine.

Chamberlain then brought this action based on the lease. The district court granted Eagle–Irvine's motion for summary judgment because of Chamberlain's failure to comply with Iowa Real Estate Commission rule 1.23, *see* 700 Iowa Admin.Code § 1.23, which requires written listing agreements. The court found the lease entered into by Eagle–Irvine and its tenant did not satisfy the requirements of the rule.

We review for the corrections of errors at law. Iowa R.App.P. 4. The fact findings of the trial court are binding on appeal if supported by substantial evidence. Iowa R.App.P. 14(f)(1).

Chamberlain argues that rule 1.23 does not apply to this case because it involves a lease and not a sale of realty. Chamberlain also argues there was no "listing" of the property and since there was no listing, the agreement between the parties was really a commission agreement and not subject to the rule.

■ The question of whether section 1.23 applies to lease transactions has not been addressed by the Iowa courts. For the reasons explained below, we conclude that it does, and failure to comply with the rule will, upon proper objection, bar the collection of a commission.

The Iowa Real Estate Commission promulgated rule 1.23, which provides as follows:

> All listing agreements shall be in writing, properly identifying the property and containing all the terms and conditions under which the property is to be sold, including the price, the commission to be paid, the signature of all parties concerned, and a definite expiration date. It shall contain no provision requiring a party signing the listing to notify the broker of his intention to cancel the listing after such definite expiration date.

The overriding purpose of this rule is to protect the public and provide rules for brokers and agents; it is analogous to a statute of frauds. *Maynes Real Estate Inc. v. McPherron,* 353 N.W.2d 425, 427 (Iowa 1984); *Milholin v. Vorhies,* 320 N.W.2d 552, 554 (Iowa 1982); *Buckingham v. Stille,* 379 N.W.2d 30, 32 (Iowa App. 1985). The effect of this rule "is not to invalidate oral listing agreements, but to make them unenforceable under proper objection." *Maynes,* 353 N.W.2d at 427; *Milholin,* 320 N.W.2d at 554; *Buckingham,* 379 N.W.2d at 32.

Iowa law defines real estate as "real property wherever situated, and shall include any and all estate therein." Iowa Code § 117.4 (1985). "A lease of real estate is a conveyance by the owner for a portion of the owner's interest therein to the lessee. It creates in the lessee an interest in the real estate." *Fetters v. City of Des Moines,* 260 Iowa 490, 497, 149 N.W.2d 815, 820 (1967); *Jensen v. Nolte,* 233 Iowa 636, 639, 10 N.W.2d 47, 49 (1943).

Chamberlain argues the rule does not apply since a lease and not a sale of property is involved. Iowa law, however, recognizes that a lease is the equivalent of a sale of the premises for the term of the lease. *Fetters,* 149 N.W.2d at 820. The lessee acquires an estate in the land and becomes for the time being the owner and occupier. *Id.* This rule is in accord with other jurisdictions. *See Zexter v. Cerrone,* 107 R.I.

92, 265 A.2d 328, 330 (1970); *Yrisarri v. Wallis*, 76 N.M. 776, 418 P.2d 852, 854 (1966); *Carmack v. Beltway Dev. Co.*, 701 S.W.2d 37, 39 (Tex.Civ.App.1985); *Moser v. Awalt Indus. Properties, Inc.*, 584 S.W.2d 902, 906 (Tex.Civ.App.1979).

▪ Chamberlain also argues since there was no formal listing of the property, the rule does not apply. We reject this contention because the language of the rule does not require a formal listing occur before the rule's requirements are triggered. Chamberlain did not have to formally list the property since it had already found a tenant prior to contacting Eagle–Irvine. We find no difference between Chamberlain's activities and those a broker with a formal listing would undertake. We also note Chamberlain took the precaution of preparing a listing agreement prior to introducing the tenant to Eagle–Irvine. Chamberlain would not have been unduly burdened in preparing such an agreement for the renewal.

▪ Chamberlain also tries to avoid the rule by arguing the oral agreement between the parties is a commission agreement and not a listing agreement. We also reject this contention.

The well-settled public policy behind the rule is to protect the public and prevent disputes such as this one and, absent some indication from the commission, we are not willing to allow persons to avoid the writing requirement simply by characterizing the agreement as a "commission agreement" rather than a "listing agreement." *Cf. Buckingham v. Stille*, 379 N.W.2d 30, 33 (Iowa App.1985). To do so would seriously undermine the intent of the commission, as well as the effectiveness of the rule.

Since a lease is an interest in property and is equivalent to a sale, we hold that "property to be sold" includes leasing transactions and a real estate broker must have a written listing agreement satisfying the requirements of rule 1.23 in order to recover a commission for the leasing of property or the renewal thereof. We also hold whatever recovery Chamberlain may have under a quantum meruit or part-per-

formance theory is precluded by the decision in *Maynes*, 353 N.W.2d at 428.

▪ We now examine whether the lease between Eagle–Irvine and its tenant meets the rule's requirements as Chamberlain argues. The trial court found the rule's requirements unsatisfied and we agree.

Rule 1.23 requires the agreement to: (1) identify the property; (2) contain all terms and conditions, including the price and the commission to be paid; (3) the signatures of all concerned parties; and (4) a definite expiration date. The lease agreement in this case reasonably identifies the property, *see Rodgers v. Baughman*, 342 N.W.2d 801, 805 (Iowa 1983), and is signed by the person Chamberlain seeks to hold responsible, Eagle–Irvine, *see Rodgers*, 342 N.W. 2d at 806. The lease, however, fails to specify the commission to be paid or contain a definite expiration date.

The supreme court formerly recognized the enforceability at common law of oral brokerage agreements, *McHugh v. Johnson*, 268 N.W.2d 225, 227 (Iowa 1978), but it has also held that where it is within the statutory authority of the agency, a rule has the force and effect of a statute. *Milholin*, 320 N.W.2d at 553 (citing *Davenport Community School Dist. v. Iowa Civil Rights Comm'n*, 277 N.W.2d 907, 909 (Iowa 1979)).

The common law prior to the rule did not require a specific commission amount to be set forth. *See Hess v. Hayes*, 146 Iowa 620, 622, 125 N.W. 671, 672 (1938). The law would imply a reasonable amount. *Id.* Rule 1.23, however, changes the law and is quite explicit in its terms. It requires the agreement to specify the amount of the commission to be paid. The lease does not do this. The lease only calls for a commission to be paid without specifying what that amount is, or how it should be calculated. To allow parol evidence as suggested by Chamberlain would relax the rule's requirement, that is a task for the commission, not this court.

The lease also fails to include a definite expiration date. The lease provides for two renewal periods and Chamberlain ar-

gues the expiration date would be the last day of the last option period under the lease, December 14, 1993. We do not accept this because the lease could expire any time prior to that date if it were not renewed or if either party caused it to end through a default under its terms. Again, the rule is quite explicit as to what is required, and this lease fails to meet those requirements.

We therefore find Eagle–Irvine is entitled to summary judgment on its claim and the trial court did not err in granting the motion. Admittedly, the result in this case is harsh, but it is within the purview of the legislature and commission to change the rule and not for this court to change the well-settled public policy behind the rule. Because of our disposition of the first issue, we do not have to address Chamberlain's contention it is entitled to summary judgment, and we now address Chamberlain's motion for sanctions.

Chamberlain asked the trial court to sanction Eagle–Irvine under Iowa Rule of Civil Procedure 80(a) for filing an antitrust counterclaim "as a contrived defensive maneuver designed to embarrass the Plaintiff and force settlement of Plaintiff's claim." The trial court did not impose sanctions because it was not prepared to rule as a matter of law that Eagle–Irvine did not have a valid counterclaim. Suffice it to say, we find no violation of rule 80(a) and conclude sanctions were properly denied.

The judgment of the district court is affirmed.

AFFIRMED.