STATE of Iowa, ex rel. William R. BER-
NAU, Superintendent of Banking, Pe-
titioner–Appellee,

v.

KELLER–APEX LOAN,
INC., Respondent.

CHAPMAN AND ASSOC. REALTORS,
Claimant–Appellant,

v.

RECEIVER SUPERINTENDENT OF
BANKING, Defendant–Appellee.

No. 93–731.

Court of Appeals of Iowa.

June 28, 1994.

Donald B. Redfern of Redfern, Mason, Dieter, Larsen & Moore, Cedar Falls, for appellant.

Bonnie J. Campbell, Atty. Gen., Scott M. Galenbeck, Asst. Atty. Gen., and Dean A. Lerner, Asst. Atty. Gen., for appellee.

Considered by DONIELSON, C.J., and HAYDEN and HABHAB, JJ.

DONIELSON, Chief Judge.

Keller–Apex Loan, Inc., an industrial loan company, became insolvent and was placed under receivership of the state auditor by court order in 1985. The state superintendent of banking succeeded the auditor as receiver for the loan company. Robert Flynn, president of the loan company at the time it was placed in receivership, was also a real estate agent with the realtor, Chapman and Assoc. Realtors.

In 1987, real estate listing contracts were entered into between the superintendent as receiver and Chapman with respect to three properties of the loan company. In 1988, uniform listing contracts were prepared for the properties which had either expired before the properties sold or did not contain an expiration date. The realtor claims the contracts were orally extended by employees of the superintendent. The properties were sold in May 1989, December 1989, and March 1990.

The realtor subsequently made a claim for almost $30,000 in commissions based on the

sales pursuant to the listings. The superintendent resisted the claims asserting that there were no enforceable real estate listings for the properties at the time they were sold. Both the superintendent and the realtor filed motions for summary judgment which were denied prior to trial.

During trial the district court allowed both the superintendent and the realtor to renew their motions for summary judgment. On April 9, 1993, the district court granted the superintendent's renewed motion for summary judgment and denied the realtor's motion for summary judgment. The court concluded there were no written instruments which contained all the necessary elements to satisfy 193E Iowa Administrative Code section 1.23 (543B). The court concluded the 1988 uniform listing contracts either expired or were unenforceable because they did not contain a definite expiration date as required by the rule. The court also concluded the other realtor's forms did not create an enforceable contract.

The realtor appeals. We affirm the decision of the district court.

■ Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Iowa R.Civ.P. 237(c); *see Farm Bureau Mut. Ins. Co. v. Milne*, 424 N.W.2d 422, 423 (Iowa 1988). The moving party has the burden to show the nonexistence of a material fact, *Milne*, 424 N.W.2d at 423, and the evidence must be viewed in the light most favorable to the resisting party. *Thorp Credit, Inc. v. Gott*, 387 N.W.2d 342, 343 (Iowa 1986). The procedure is functionally akin to a directed verdict, and every legitimate inference that reasonably can be deduced from the evidence should be afforded the resisting party. *Id.; Sherwood v. Nissen*, 179 N.W.2d 336, 339 (Iowa 1970). A fact issue is generated if reasonable minds can differ on how the issue should be resolved, but if the conflict in the record consists only of the legal consequences flowing from undisputed facts, entry of summary judgment is proper. *Milne*, 424 N.W.2d at

423; *Gott*, 387 N.W.2d at 343. If the motion is properly supported, however, the resisting party "must set forth specific facts showing that there is a genuine issue for trial." Iowa R.Civ.P. 237(e). We review the district court's grant of summary judgment for correction of errors of law. Iowa R.App.P. 4; *Bradley v. West Sioux Bd. of Educ.*, 510 N.W.2d 881, 883 (Iowa 1994).

■ Iowa Administrative Code rule 193E–1.23(543B) states in pertinent part:

All listing agreements *shall be in writing,* properly identifying the property and containing all of the terms and conditions under which the property is to be sold, including the price, *the commission to be paid, the signatures of all parties concerned and a definite expiration date.*

193E Iowa Admin.Code 1.23 (1994) (Emphasis added). Several principles from cases interpreting this section guide our application in this case. The rule's requirement the agreement be in writing is analogous to a statute of frauds. *Milholin v. Vorhies*, 320 N.W.2d 552, 554 (Iowa 1982). "The rule's effect is not to invalidate oral listing agreements but to make them unenforceable upon proper objection." *Id.; see also Bradley*, 510 N.W.2d at 883 (Oral contracts or extensions of contracts are unenforceable where a statute requires they be written). The rule extends to finder's fee contracts, *Buckingham v. Stille*, 379 N.W.2d 30, 33 (Iowa App.1985), and property leases. *Chamberlain, Kirk & Cline, Inc. v. Irvine*, 425 N.W.2d 681, 683–84 (Iowa App.1988). The rule has the force and effect of a statute. *Id.* (citing *Milholin*, 320 N.W.2d at 553). It precludes recovery under a theory of quantum meruit. *Maynes Real Estate, Inc. v. McPherron*, 353 N.W.2d 425, 428 (Iowa 1984). The required terms must be in the agreement; allowing parol evidence would relax the rule's requirement, which is not a task for the court. *Chamberlain, Kirk & Cline*, 425 N.W.2d at 683–84. "If this rule works some 'inequities in particular cases, it is within the purview of the legislature and not this court to correct what is now well-settled public policy.'" *Maynes*, 353 N.W.2d at 428 (quoting *Wright v. Smith*, 105 R.I. 1, 249 A.2d 56, 57 (1969)).

The listing agreements in the record either did not cover the period in question or lacked some of the necessary elements, particularly an expiration date or the signature of the receiver. Since the evidence, viewed in the light most favorable to appellee, does not show any genuine issue of material fact, summary judgment was properly granted.

**AFFIRMED.**