Dear Senator Hobson,
¶ 0 This office has received your letter asking for an official Opinion addressing, in effect, the following question:
If a county-beneficiary public trust, which is leasing ahospital from a county pursuant to 19 O.S. 1991, § 789[19-789],enters into an agreement with an Oklahoma nonprofit entity toallow that entity to manage the operation of the hospital, wouldthe arrangement be considered a lease of the hospital or itsequipment that would trigger the public election requirementunder 19 O.S. 1991, § 789[19-789]?
¶ 1 It was concluded in a previous Attorney General Opinion that a county-beneficiary public trust which is leasing a county hospital in accordance with 19 O.S. 1991, § 789[19-789], may not assign the lease or sublet the premises to a private, for-profit enterprise. A.G. Opin. 95-23. Opinion 95-23 did not address the issue of a county-beneficiary public trust entering into a contract with a nonprofit entity to manage a county hospital.
¶ 2 To answer your question we must first examine the statutory framework that governs the legal status of county hospitals. Section 789 of Title 19 mandates in pertinent part:
 It shall be the duty of the board of county commissioners to place the management and control of said hospital either under a board of control composed of five, seven or nine members, or to lease the hospital and equipment therein to a charitable nonprofit organization. . . . If the board of county commissioners determines it is for the best interest of the county, they may in lieu of operation of the hospital through a board of control lease the hospital and equipment therein to a charitable nonprofit organization, in such event the lessee shall be responsible for all costs of operation and maintenance; provided, no hospital or equipment therein shall be leased other than to a public trust of which the county is beneficiary unless the specific leasing be authorized by the voters of the county at a general election, or a special election called for such purpose. . . .
19 O.S. 1991, § 789[19-789] (emphasis added).
¶ 3 As set forth in the statute, a lease of the hospital and its equipment to anything other than a county-beneficiary public trust requires that the leasing arrangement be approved by the voters of the county in question.
¶ 4 Your question asks whether a management agreement is considered a lease for purposes of the voter authorization requirement cited above.
 A lease is a contract between the lessee and lessor. It vests a right in the lessee to the possession of land for a definite term. . . . During the term of the lease, the lessee holds an outstanding leasehold in the premises which for all practical purposes is equivalent to absolute ownership.
Ferguson v. District Court of Oklahoma County, 544 P.2d 498,499 (Okla. 1975).
¶ 5 According to Ferguson, the characteristics of a lease are the right to possession and the equivalence of absolute ownership. (The estate of the lessor, during the term of a lease, is limited to a reversionary interest. 544 P.2d at 499.) Section 789 of Title 19 indicates that the Legislature contemplated a lease as that kind of significant interest when, in providing for the lease of a county hospital to a charitable nonprofit organization, it stated "in such event the lessee shall be responsible for all costs of operation and maintenance." Generally, a management contract does not entail the lessor to relinquish possession and control, but to provide administrative services. It is not likely to make the provider of management services responsible for costs of operation and maintenance. Nevertheless, if a management contract grants to the managing entity such a degree of control that the managing entity has the equivalence of a leasehold estate, it may be commensurate with a lease in substance even though not in name.
¶ 6 Whether a particular management agreement between a county-beneficiary public trust and a nonprofit entity to manage a hospital leased by the trust gives the nonprofit entity a degree of control that constitutes a lease is a question of fact which cannot be answered by this Opinion. 74 O.S. Supp. 1997, §18b[74-18b](A)(5).
¶ 7 It is, therefore, the official Opinion of the AttorneyGeneral that:
A county-beneficiary public trust, which is leasing a countyhospital from a county pursuant to 19 O.S. 1991, § 789[19-789], mayenter into a management agreement with a nonprofit entity for theoperations of the hospital without the agreement being considereda lease of the hospital which would trigger the electionrequirement of 19 O.S. 1991, § 789[19-789], provided that theagreement, when viewed as a whole, does not give the managingnonprofit entity the right of possession or the practicalequivalence of absolute ownership. If a management agreement isnot a lease, then the answer is the same, regardless of whetherthe managing entity is nonprofit. Whether a particular managementagreement constitutes a lease is a question of fact which cannotbe answered by this Opinion. 74 O.S. Supp. 1997, §18b(A)(5).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
WILLIAM F. O'BRIEN ASSISTANT ATTORNEY GENERAL