J. WILLIAM KLIE AND RUDOLPH OETLING, RESPOND-
ENTS, v. GUSTAVE HOLLSTEIN, WILLIAM HOLLSTEIN
AND HENRY HOLLSTEIN, PARTNERS UNDER THE
FIRM NAME OF HOLLSTEIN BROTHERS, APPELLANTS.

Submitted December 11, 1922—Decided March 5, 1923

1. A contract by the owner of real estate to pay a broker a stated
   percentage on the gross rentals for procuring a lessee for the
   real estate is not within section 10 of the statute of frauds, and,
   hence, is not required to be in writing.

2. A real estate broker who is given an exclusive right to negotiate
   a lease of property is entitled to the commission on the gross
   rentals, as provided for in his contract, if the owner makes a
   lease, either independently or through the efforts of another
   broker, within the time specified in the contract of employment,
   although the exclusive agent was not the efficient and procuring
   cause of the negotiation of the lease.

3. A request to charge which made the right of a broker to recover
   the commission on the gross rentals, as provided for in his con-
   tract, to depend in any event upon proof that he "was the effi-
   cient and procuring cause of the negotiation of the lease." was
   properly denied because it ignored the plaintiffs' theory, which
   was supported by evidence, that by his contract he had an exclu-
   sive right to negotiate a lease.

4. Where the real question in controversy has been fully and fairly
   tried, though not precisely pleaded, and the complaining party
   has not been surprised or injured, the reviewing court has the
   power to amend the pleadings in order to support the judgment.

5. The fact that plaintiff's testimony at the trial differs from his
   testimony given on examination before trial, is to be considered
   as affecting the weight of his testimony, but does not justify a
   nonsuit.

6. A request that the judge direct the jury to apply a "principle,"
   which it was stated was to be found on certain pages of a cer-
   tain reported case, without saying what the principle or the
   language was, may be refused.

7. A party wishing an instruction given must formulate it and state
   definitely and unequivocally what he desires to be given.

8. An objection that a question was overruled will not be considered
   where substantially the same question was afterwards put to the
   same witness and was answered.

9. A judgment will not be reversed because the trial judge im-
   properly overruled a question unless, after an examination of the
   whole case, it appears that the error injuriously affected the
   substantial rights of the party.

10. Cross-examination of a witness directed toward eliciting his in-
    terest in the litigation is proper.

On appeal from the Hudson County Circuit Court.

For the appellants, *Fred Dieffenboch, Jr., Ziegener & Lane* and *Harlan Besson.*

For the respondents, *Lichtenstein & Lichtenstein (Julius Lichtenstein* on the brief).

The opinion of the court was delivered by

TRENCHARD, J. This is an action on a contract for brokers' commission for the procurement of a lessee for a factory property.

The defendants, in their answer, denied the existence of the contract, and as a further defence set up that the alleged contract was not enforceable because not in writing.

At the trial the evidence, while conflicting, nevertheless permitted the jury, if they saw fit, to find the following facts: The plaintiffs were real estate brokers. The defendants were owners of a factory property. They authorized the plaintiffs to lease the property and that agency was an exclusive right to negotiate the lease. The plaintiffs introduced representatives of the W. T. Grant Company to the defendants, showed them the property, and as a result thereof the defendants leased the property to that company. It further appeared that the defendants, instead of paying the commissions, called for by the contract, to the plaintiffs, paid them to other brokers, upon the latter indemnifying the defendants against the claim of the plaintiffs.

The trial judge submitted to the jury the questions presented, namely, (1) was a contract made; (2) if it was made did it by its terms confer upon the plaintiffs an exclusive right to negotiate and act for the defendants in bringing about a leasing of the property; (3) if it was made, but was not such an exclusive contract, were the plaintiffs the efficient and procuring cause of the lease?

The jury found for the plaintiffs and the defendants appeal from the consequent judgment.

We are of the opinion that the judgment should not be disturbed.

The first ground of appeal requiring consideration is that the contract is unenforceable because not in writing.

We think there is no merit in this point. It is predicated upon the contention that the agreement under which plaintiffs' claim is a contract within section 10 of the statute of frauds. We do not take that view.

Section 10 of the statute of frauds *(Comp. Stat., p.* 2617, amended by *Pamph. L.* 1918, *p.* 1020) declares that "No broker or real estate agent selling or exchanging land for or on account of the owner shall be entitled to any commission for the sale or exchange of any real estate, unless the authority for selling or exchanging such land is in writing, and signed by the owner or his authorized agent *  *  *  ." This statute, being in derogation of the common law, must be strictly construed, and, hence, will not apply to cases which are not strictly within its terms.

Now the contract in suit is not one to pay commissions for "selling or exchanging land." On the contrary it is an agreement to pay the plaintiffs for procuring a lessee for the defendants' real estate, and for this service (as the jury could and did find) they were to receive a commission of two and one-half per cent. on the gross rentals. Such an agreement is not within the statute, and, hence, is not required to be in writing. *Burt* v. *Brownstone Realty Co.,* 95 *N. J. L.* 457.

The next point is that the trial judge erred in refusing to charge defendants' requests Nos. 1 and 2. They were as follows:

"1. Before they are entitled to a recovery, the plaintiffs must satisfy you by a fair preponderance of the evidence that plaintiff Oetling actually had an agreement to receive a commission for securing a tenant to lease the Hollstein Building; that the said plaintiffs Oetling and Klie were the efficient and procuring cause of the negotiation of the lease between the Hollstein Brothers and W. T. Grant Company; that the rental terms of said lease corresponded with the authority

to secure a tenant if any, charged by the plaintiffs to have been conferred upon them by the defendants."

"2. If you are not satisfied by a fair preponderance of the evidence that plaintiffs were the efficient and procuring cause of the negotiation of the lease between the Hollstein Brothers and W. T. Grant Company, and you are satisfied that Herman Bauridell and Julius I. Kislak were also brokers, and were the efficient and procuring cause of the negotiation of said lease, then you must find your verdict for defendants."

Both of these requests were defective and were properly denied, because they made the right of the plaintiffs to recover to depend, in any event, upon proof that they "were the efficient and procuring cause of the negotiation of the lease," ignoring the plaintiffs' theory, which was supported by evidence, that they had an exclusive right to procure a lessee. The true rule is that a real estate broker who is given an exclusive right to negotiate a lease of property is entitled to the commission on the gross rentals, as provided for in his contract, if the owner makes a lease, either independently or through the efforts of another broker, within the time specified in the contract of employment, although the exclusive agent was not the efficient and procuring cause of the negotiation of the lease. See *Ettinger* v. *Loux,* 96 *N. J. L.* 522, where, in passing, an exclusive agency is distinguished from an exclusive right to sell (or lease).

But it is now contended for the first time that the plaintiffs' complaint was not broad enough to support their proof of an exclusive right to negotiate the lease, and, hence, that the above-mentioned requests should have charged thereby indirectly preventing recovery.

We incline to think that the complaint was sufficient in this respect. But assuming that it was not, the judgment may stand, and for this reason: The plaintiffs' claim of an exclusive right was supported by evidence, admitted without objection, and their right to recover upon that theory was not directly questioned either by motion to nonsuit, or to direct a verdict, or by exception to the charge, or otherwise. Where,

as here, the real question in controversy has been fully and fairly tried, though not specifically pleaded, and the complaining party has not been suprised or injured, the reviewing court has power to amend the pleadings in order to support the judgment *(Levenson Wrecking Co.* v. *Gatti-Mcquade Co., 93 N. J. L.* 184), and we will exercise that power.

The next point is that the trial judge should have granted the defendants' motion to nonsuit, because the testimony of one of the plaintiffs at the trial differed from his testimony given in his examination before trial. Not so. The fact that the plaintiff's testimony at the trial differs from his testimony given on examination before trial, is to be considered as affecting the weight of his testimony, but does not justify a nonsuit.

The next point is that the trial judge erred in declining to charge the defendants' third request. We think not. It was that the trial judge direct the jury to apply a "principle" which it was stated was to be found on certain pages of a certain reported case, without saying what the principle or language was. It was properly refused. A party wishing an instruction given must formulate it, and state definitely and unequivocally what he desires to be given.

The next point is that the court erred in overruling a question put on cross-examination to Otto J. Klie, a witness produced by the plaintiffs.

But we will not consider this objection because substantially the same question was afterwards put to the same witness and was answered. *Finkelstein* v. *Geismar,* 91 *N. J. L.* 46; *affirmed, 92 Id.* 251.

The next point is that the judge erred in overruling a question put to William Hollstein, one of the defendants, by his counsel.

But the question was merely a preliminary one and the action of the trial judge in overruling it was harmless. And the rule is that a judgment will not be reversed because the trial judge improperly overruled a question unless, after an examination of the whole case, it appears that the error in-

juriously affected the substantial rights of the party. *Kargman* v. *Carlo,* 85 *N. J. L.* 632.

The last point is that the trial judge erred in permitting the counsel for the plaintiffs to put to Herman Bauridell, on cross-examination, this question: "And that is your interest now; you say you want to hold on to that twenty-five hundred dollars?"

The witness was one of the brokers who had been paid the commission for which plaintiffs sued, and who had indemnified the defendants against plaintiffs' claim. The cross-examination of the witness was directed towards eliciting his interest in the litigation, and was proper.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, KALISCH, BLACK, KATZENBACH, WHITE, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 13.

*For reversal*—None.