Supreme Court—B. B. Miller & Co. v. Woolsey.

---

B. B. MILLER & COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLEE, v. WALTER WOOLSEY, DEFENDANT-APPELLANT.

Submitted February 5, 1925—Decided April 13, 1925.

Contracts—Commissions on a Lease and Extensions of a Lease of Real Estate—The Agreement was for an Extension of Lease—Objection That Witness Who Acted for Plaintiff, That He Had Not Shown His Authority, Unsound—Defendant Estopped as Against Corporation to Deny Witness' Character and Authority.

On appeal from the District Court of the city of Elizabeth.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the appellant, *Clarence D. Meyer.*

For the appellee, *Leavitt & Ulbrich.*

PER CURIAM.

In this action B. B. Miller & Company, a corporation, demanded of the defendant $495, representing the balance claimed to be due the plaintiff from the defendant, Walter Woolsey, as commissions for securing a lease of defendant's real estate to Earl Nichols, and a so-called extension of that lease to Weiss & Epstein.

The case was tried before a jury and a judgment entered for $495 for the plaintiff.

The first ground of appeal is not argued by the appellant and will be deemed to be abandoned.

The second ground of appeal is as follows: "Because the plaintiff claimed commissions for an alleged extension of lease to Nichols with Weiss & Epstein, May 31st, 1923, $495, although the Nichols lease was then in force, and no other agreement made."

We think the obvious answer to this is that the claim was for commissions for procuring a new lease for an extended term, and the appellant in his brief admits that the Nichols lease "was then surrendered and canceled."

The third ground of appeal is as follows: "Because B. B. Miller was permitted to testify, over objection, to an alleged transaction he claimed to have made on behalf of the plaintiff without showing his authority to represent the corporation therein."

We think the answer to this is that the defendant dealt with Mr. Miller, who was the president of the plaintiff corporation and who professed to act for it, and whose authority to represent it was questioned by nobody but the defendant on the trial of this case, who merely objected to his testimony "unless the witness showed what authority he had to represent the plaintiff." In such case the defendant is estopped, as against the corporation, to deny his character and authority as such officer.

The fourth ground of appeal is as follows: "Because B. B. Miller was permitted to testify, over objection, to alleged transactions the corporation was said to have had with Dr.

Woolsey, without producing the minutes of the company or authority from its board of directors."

We think that this ground is ill-founded for the reason last expressed.

The fifth and last ground of appeal is as follows: "Because the court refused to nonsuit the plaintiff."

Turning to the state of the case, we find that the defendant moved for a nonsuit because (1) "no contract was produced whereby Miller was authorized to act for Woolsey, and Miller did not bring, nor was he the means of bringing, Weiss & Epstein to the defendant," and (2) "that there was no written memorandum of the lease or of the agent's authority."

The assertion that there was no written memorandum of the lease is ill-founded in fact. The state of the case shows that the lease was in writing and was signed by the parties thereto.

The contention that plaintiff should have been nonsuited, because Miller was not the means of bringing Weiss & Epstein to the defendant, is without merit, since there was evidence from which the jury could, and evidently did, find to the contrary.

The contention that there should have been a nonsuit because no contract was produced whereby Miller was authorized to act for Woolsey, or, as otherwise stated, that there was no written memorandum of the agent's authority, is without merit. The provision of section 10 of the statute of frauds, requiring that the authority for selling or exchanging lands be in writing, has no application to a contract for compensation for procuring a lease. *Klie* v. *Hollstein*, 120 *Atl. Rep.* 16.

The judgment below will be affirmed, with costs.