Plaintiff brought suit against Leibowitz upon an admitted verbal agreement to pay the former a commission of 10% of the purchase price on the sale of the business of the defendant, Leibowitz. The plaintiff in the same suit joined the defendant Kargakos, the claim against Kargakos being based upon the following written agreement:
 "MARSON COMPANY
 "No. 5100
 "NEWARK, NEW JERSEY
 "Introducing the bearer as a prospective purchaser of your
business:
"Mr. Steve Kargakos, 819 Clinton Ave., Newark
"Number Type Name Address
"6100 Lu The Shack Meeker Ave Newark
 "Receipts — Lease — Rent — Price
 "500 2/3/ 75 4500
 85

"For Services Rendered and to be rendered and in further consideration for the confiding of the above-stated information by Marsan *Page 204 
Company, Broker to the undersigned prospective purchaser, the undersigned agrees not to purchase any of the businesses above listed unless this Broker receives the commission from the seller. Shall he do so directly or indirectly, however, without the written consent of the Broker, then the purchaser shall be liable for the commission due to the above mentioned Broker from the former Owner. The prospective purchaser is aware that the above listed information is given to him in the strictest confidence and in consideration therefore agrees not to divulge any of said information to anyone. The undersigned states and agrees that the above listed businesses have never been offered to him by any other Broker or by anyone else.
"Date: 5/20/48
"Prospect's Signature: Steve Kargakos
"Witnessed by: J.W. Biener
 "Address: 819 Clinton Ave. City "c/o W.J. Whitt "Es. 3-5056."
The court found that the sale of the business was consummated between the defendants, that Kargakos did so without obtaining the plaintiff's consent and that the plaintiff was not paid the commission by either of the defendants. Judgment was entered in favor of the defendant Leibowitz on the theory that the transaction came within R.S. 25:1-5, providing that no action shall be brought upon a contract for sale of real estate, or any interest in or concerning the same unless some memorandum or note thereof shall be in writing and signed by the party to be charged therewith. The cited statute is applicable only as between the parties to a contract for sale of real estate or any interest therein, whereas the cause of action here dealt with is not between the purchaser and seller but between a broker and the purchaser and seller. It has no applicability to the present situation. R.S. 25:1-9 is also inapplicable. It provides that no broker is entitled to a commission upon selling or exchanging real estate unless his authority is in writing. The contract between the two defendants is neither a contract for the sale or exchange of real estate. See Klie v. Hollstein, 98 N.J.L. 473
(E. A. 1923). We conclude, therefore, that so far as the judgment in favor of the defendant Leibowitz is concerned, it should be reversed. *Page 205 
The defendant Kargakos argues that the agreement reproduced above is an agreement of guaranty. It will be noted that by the agreement, Kargakos agreed not to purchase the business unless Bierman received his commission from Leibowitz and that if he did purchase the business without the written consent of Bierman, then he, Kargakos, agreed to be liable for the commission due from Leibowitz. The written agreement between Bierman and Kargakos made the latter responsible to answer for the default of Leibowitz, and therefore the contract was one of guaranty, and the legal result flowing therefrom is that Leibowitz is primarily liable and Kargakos secondarily liable. The judgment in favor of Leibowitz is reversed and the court below is directed to enter judgment against him for $450. The judgment in favor of Bierman against Kargakos for $450 is affirmed.