228 A.2d 578.

ANDREW S. HEYMAN *vs.* ADEACK REALTY COMPANY.

APRIL 17, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. This action of assumpsit for a broker's commission is before us on the plaintiff's appeal from the entry of a summary judgment against him on the pleadings. The case involves issues flowing from a defense based on clause Sixth of the statute of frauds, G. L. 1956, §9-1-4, as amended by P. L. 1962, chap. 162, sec. 1, which reads as follows:

"Statute of Frauds.—No action shall be brought:
"* * *

"Sixth. Whereby to charge any person upon any agreement or promise to pay any commission for or upon the sale of any interest in real estate.

"Unless the promise or agreement upon which such action shall be brought, or some note or memorandum thereof, shall be in writing, and signed by the party to be charged therewith, or by some other person by him thereunto lawfully authorized."

The plaintiff's declaration is in two counts. In count I he alleges he was a duly licensed real estate broker; defendant engaged him as its agent and broker to sell a certain parcel of real estate owned by it for a specified amount; he procured a customer who was ready, willing and able to purchase the property on defendant's terms; during the existence of the agreement between him and defendant, the latter entered into an agreement with his customer for the sale of the property to said customer, but has refused to pay plaintiff his commission in accordance with their agreement, which the bill of particulars admits was oral. He seeks recovery on the express contract in count I and in quantum meruit in count II.

In addition to the plea of the general issue defendant filed a second plea. The latter, as amended, sets up the statute of frauds as a bar to plaintiff's action in count I on the ground that the alleged agreement between plaintiff and defendant is not evidenced by a writing or memorandum thereof signed by defendant or by some other person by it thereunto duly authorized.

In response to defendant's second plea, plaintiff filed two replications. The first alleges that the transaction was a completed one and therefore not within the prohibition of the statute of frauds. The second alleges that defendant represented to plaintiff that a writing was not necessary, that plaintiff relied upon such representation, and, therefore, defendant is estopped from asserting the statute.

The defendant demurred to plaintiff's replications and, after hearing, the trial justice sustained the demurrer on the grounds (1) that the doctrine of performance or part performance does not apply to agreements within the purview of clause Sixth of the statute and (2) that the pleadings fail to allege facts sufficient to provide a basis for estoppel.

The defendant then moved for a summary judgment.

After it was permitted to assert the statute of frauds as an additional defense to count II of the declaration, the trial justice granted defendant's motion and entered judgment against plaintiff. From the entry of such judgment plaintiff has appealed to this court.

The plaintiff contends that the trial justice erred in sustaining defendant's demurrer and in granting its motion for summary judgment. At the outset we note that plaintiff has neither briefed nor argued any challenge to the trial justice's ruling that the doctrine of performance or part performance has no application to agreements within the purview of clause Sixth of the statute. Therefore, we do not consider this issue.

The plaintiff has briefed and argued his appeal under two main points. We address ourselves first to his contention that defendant is estopped from availing itself of any benefit from clause Sixth of the statute because defendant represented that it was unnecessary for plaintiff to procure a written agreement or memorandum and that, relying on such representation, plaintiff procured a ready, willing and able purchaser for defendant's real estate.

On the pleadings in this record there is no merit in plaintiff's contention. Although there are circumstances under which a person may be estopped from setting up the statute as a defense, 2 Williston, Contracts (rev. ed.) §533A, p. 1543, we agree with the trial justice's conclusion that the pleadings here do not allege facts sufficient to support an estoppel.

The plaintiff does not argue that defendant's alleged representation is one of fact, which is the usual basis for the application of the doctrine of estoppel. See *Anderson* v. *Polleys,* 54 R. I. 296, 301. Rather, he contends that defendant's representation constitutes a promise that it would perform all of the obligations imposed upon it by the brokerage agreement even though, by not obtaining an agree-

ment in writing or a memorandum thereof as required by clause Sixth, he would subject himself to the legal defense provided by the statute. In the circumstances, he argues, the doctrine of promissory estoppel[1] should be applied in order to prevent fraud or injustice, but he cites no case, nor does our own research disclose any case, holding that such doctrine may be applied to take real estate brokerage agreements out of the statute of frauds.

The alleged representation is, as we read plaintiff's second replication, merely an opinion of law as to the necessity of a memorandum and as such does not qualify as a basis for estoppel. *Aunt Jemima Mills Co.* v. *Rigney & Co.,* 247 Fed. 407 (2d Cir. 1917), *cert. denied,* 245 U. S. 672; *Anderson* v. *Polleys, supra.*

However, assuming without deciding that the alleged representation can be construed as a promise by defendant to waive the defense of the statute of frauds, we are of the opinion that any attempt to apply the doctrine of promissory estoppel to real estate brokerage agreements so as to take them out of the statute would, in the absence of fraud, defeat the very purpose for which clause Sixth was enacted, specifically, protection against the assertion of unfounded claims. *Pacific Southwest Development Corp.* v. *Western Pacific R.R.,* 47 Cal. 2d 62, 301 P.2d 825. The purpose of this legislation is clear. Clause Sixth was enacted for the purpose of protecting the public against the unfounded claims of a specific class of persons, namely, real estate brokers and agents. The statute must be strictly construed and strictly applied. As the court said in *Egan* v. *Pacific Southwest Trust & Sav. Bank,* 92 Cal. App. 1, at 5, 267

---

[1]The doctrine of promissory estoppel is defined as follows by the American Law Institute in 1 Restatement, Contracts, §90 (1932), p. 110.

"A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise."

Pac. 719, at 721: "When a law has been enacted for the purpose of protection against the assertion of unfounded claims, it should be so construed as to effect the object of the enactment." See 2 Restatement, Agency, §468(2), p. 1101 (1933), for a statement of the rule.[2]

*Sessions* v. *So. California Edison Co.*, 47 Cal. App.2d 611, 118 P.2d 935, on which plaintiff relies, is so clearly distinguishable on its facts from the case at bar as to require no further discussion. Moreover, in view of our conclusion that the doctrine of promissory estoppel has no application in cases involving clause Sixth of the statute, *Sessions* is of no help to plaintiff.

We come finally to plaintiff's argument that he may at least recover the value of his services and expenses in securing the purchaser of defendant's real estate. This contention also lacks merit. Although there is a split of authority on the question whether a real estate broker may recover in quantum meruit for his services in procuring a ready, willing and able buyer pursuant to an oral brokerage agreement in states which by statute require such agreements to be in writing, the weight of authority, as well as

---

[2] "(2) If a statute provides that a person employing another for a specified purpose shall not be liable to the other for compensation unless the employer has signed a memorandum in writing, a person has no duty to pay to another whom he orally employs for such purpose either the promised compensation or the reasonable value of services rendered.

"* * *

"*Comment on Subsection* (2):

b. Statutes similar to the one stated in this Subsection are not infrequently enacted with reference to contracts with brokers. The memorandum commonly required under such statutes is one which describes the thing to be sold and the terms of compensation. In the absence of such a memorandum, the employer, although benefited by the service of the agent who has been orally employed by him, is under no duty to give compensation in any form."

what in our opinion are the better-reasoned decisions, deny such recovery. See annotation 41 A.L.R.2d 905, 906-07. The minority view permits a broker to recover his expenses and the value of his services on the theory that otherwise the property owner would be unjustly enriched. See *Clinkinbeard* v. *Poole,* Ky., 266 S.W.2d 796.

We believe that the majority rule is the better one because it gives effect to the legislative intent and statutory purpose of clause Sixth. California's statute relating to real estate brokers is substantially similar to ours and, like ours, is ingrafted on the general statute of frauds. Civil Code of California, §1624. In *Herzog* v. *Blatt,* 80 Cal. App.2d 340 at 343, 180 P.2d 30, at 32, in denying plaintiff's contention that his performance took the contract out of the statute the court said:

> "Neither is there any merit in plaintiff's contention that the contract was fully performed on the part of plaintiff by defendant's sale to plaintiff's customer, and that thereby the bar of the statute of frauds was removed. The law is settled that the procurement of a purchaser is not such performance as will entitle a broker to recover a commission in the absence of a compliance with the requirements of subdivision 5, section 1624 of the Civil Code."

And in *Augustine* v. *Trucco,* 124 Cal. App.2d 229 at 237, 268 P.2d 780 at 786, in holding that the broker could not recover from the seller, the court said:

> "Unless a broker's employment is evidenced by a writing, he cannot recover either under an oral contract or in *quantum meruit.* * * * The procurement of a purchaser is not such performance as will entitle a broker to recover a commission in the absence of a compliance with the requirements of section 1624."

See also the statement of the rule in 2 Restatement, Contracts, §355(3) (1932), p. 615.[3]

Since the purpose of this type of legislation is to protect the public against unfounded claims, it makes no difference whether the statute uses the words "void," "invalid," "no contract shall be valid," "no action shall be brought," or "no broker shall be entitled to any commission." Nor does it make any material difference whether the provision in question is ingrafted on the general statute of frauds or placed in the section dealing with real estate brokers and agents. See annotation 41 A.L.R.2d 905, 906-07.

In conclusion, we believe that the overriding public policy of the statute requires that it be strictly construed and strictly enforced. To do otherwise would defeat the basic purpose of the statute. The answer to real estate brokers and agents is found in the language of Mr. Justice Spence in *Pacific Southwest Development Corp.* v. *Western Pacific R.R., supra,* at page 70, where he stated:

> "Plaintiff is a licensed real estate broker and, as such, is presumed to know that contracts for real estate commissions are invalid and unenforceable unless put in writing and subscribed by the person to be charged. * * * Nevertheless, plaintiff failed to secure proper written authorization to protect itself in the transaction. Rather it assumed the risk of relying upon claimed oral promises of defendant, and it has no cause for complaint if its efforts go unrewarded."

---

[3] "(3) The remedy of restitution is not available if the Statute that makes the contract unenforceable so provides, or if the purpose of the Statute would be nullified by granting such a remedy.

"* * *

"7 It is provided by statute that a real estate broker shall have no right to a commission for making a sale unless he has a contract or authority in writing from his principal. A broker who makes a sale for his principal without such written contract or authority cannot get judgment for the value of his services."

The plaintiff's appeal is denied and dismissed, and the summary judgment for the defendant is affirmed.

*Samuel W. Weintraub, Harold I. Kessler,* for plaintiff.

*Higgins, Cavanagh & Cooney, John P. Cooney, Jr., Kenneth P. Borden, Albert D. Saunders, Jr.,* for defendant.