234 A.2d 366.

Edward W. Dooley *et al. vs.* Frank J. Lachut *et al.*

OCTOBER 25, 1967.

Present: Roberts, C. J., Paolino. Powers, Joslin and Kelleher, JJ.

KELLEHER, J. This case is before us on the plaintiffs' appeal from an entry of summary judgment against them by the superior court in their suit to recover a real estate commission from the defendants.

The plaintiffs are licensed real estate brokers. They allege that defendants hired them to sell an apartment house located in the city of Pawtucket and owned by defendant Camac Realty Corporation. The defendant Lachut is identified in the pleadings as the agent of the corporate defendant. The plaintiffs admit that they failed to obtain a written contract of employment from either defendant. They alleged that when they requested Lachut to sign such an agreement, he replied there was no need of such an instrument as he was a man of his word and the commission would be paid. According to plaintiffs' complaint, the apartment house was sold to a person who was first shown the property by plaintiffs, the sale having been effected through subsequent private negotiations conducted between defendant Lachut and the buyer.

In granting defendants' motion, the trial justice relied primarily on the provisions of the statute of frauds, clause sixth, G. L. 1956, §9-1-4, as amended by P. L. 1962, chap. 162, sec. 1, which reads as follows:

> "Statute of Frauds.—No action shall be brought:
> "* * *
> "*Sixth.* Whereby to charge any person upon any agreement or promise to pay any commission for or upon the sale of any interest in real estate.

"Unless the promise or agreement upon which such action shall be brought, or some note or memorandum thereof, shall be in writing, and signed by the party to be charged therewith, or by some other person by him thereunto lawfully authorized."

The defendants in urging the correctness of the trial justice's decision rely on our holding in *Heyman* v. *Adeack Realty Co.*, 102 R. I. 105, 228 A.2d 578. The plaintiffs admit that *Heyman* bears a marked factual similarity to the case at bar. Here, as it was in *Heyman*, recovery is sought either on the theory of estoppel or on the basis of quantum meruit for the reasonable value of the services allegedly rendered. While the plaintiffs concede that our opinion in *Heyman* forecloses any further consideration by us of these two issues in the instant case, nonetheless they contend that there are two different factors here which were not considered in *Heyman*. The two differences advanced by plaintiffs are first that the doctrine of performance or part performance which was not expressly ruled upon in *Heyman* should operate to permit recovery here and second, that the statements by defendant Lachut, as to his honesty and character making it unnecessary to reduce their agreement to a writing, amounted to an intentional scheme to defraud plaintiffs from recovering their rightfully earned commission. This being so, they claim, such a pattern of fraud so taints defendants as to preclude them from raising the pertinent provision of the statute as a defense here. We do not agree with either proposition.

It is true that in *Heyman* we expressly refrained from making any decision as to the availability of the doctrine of performance or part performance to a real estate broker or agent who seeks a commission which is based on an oral contract of employment. Upon reflection, we can perceive no reason why we should allow this doctrine to be so employed as to modify the extent of our rulings in *Heyman*. We pointed out in *Heyman* that the legislature added the

sixth clause to our statute of frauds to protect the public at large from the unfounded or frivolous claims of real estate brokers and agents. To further this legislative purpose, this court declared that it would not impose the doctrine of estoppel for the benefit of a real estate broker who has failed to obtain the necessary written evidence of his authority in any real estate transaction. What we have stated about estoppel in *Heyman,* applies equally as well to the theory of performance or part performance espoused here by plaintiffs. If we were to permit plaintiffs' invocation of the doctrine of performance to take this case from within the purview of our statute of frauds, we would completely frustrate the legislature's intent to protect the public and thereby render ineffective the very purpose for which the sixth clause of the statute was enacted. This we refuse to do.

As to plaintiffs' second contention, we are likewise not moved to change or modify the rule of the *Heyman* case because of the allegations of the purported fraudulent conduct of defendants.

In support of their position, plaintiffs cite the oft-repeated maxim that a court will not countenance the invoking of the statute of frauds when to do so would result in the use of the statute as a tool in the perpetration of a fraud. While the rule contended for by plaintiffs is one of general application, we find that courts have notably excepted to its application in suits for the recovery of a real estate broker's commission where the recognition of a right to recover on an oral contract would defeat the purpose of the statute. See 3 Williston (3d ed. Jaeger) Contracts, §534 at 812, and 12 Am. Jur. 2d, Brokers, §53 at 812.

We believe that the general assembly's directive—that "No action shall be brought" on an oral contract of the kind allegedly made here—gives full and fair warning to individuals such as plaintiffs. They are real estate brokers who

have been duly licensed by the state of Rhode Island and such persons, in our opinion, are expected, when they are engaged in their business endeavors, to conform to the various laws which pertain to their occupation. Real estate brokers who enter into oral agreements in contravention of clause sixth of our statute of frauds can expect no assistance from the courts in their effort to extricate themselves from their own folly. If a real estate broker fails to obtain a written contract of employment from his customer, he proceeds at his own peril. The plaintiffs' allegations as to the fraud practiced upon them by the defendants are of no avail. To hold otherwise would reopen the floodgates of litigation which were closed when clause sixth became law.

The plaintiffs' appeal is denied and dismissed. The summary judgment for the defendants is affirmed.

*Moses Kando,* for plaintiffs.

*Edwards & Angell, John H. Blish,* for defendants.