249 A.2d 56.

KATHERINE MURPHY WRIGHT *vs.* CONSTANT J. SMITH.

JANUARY 7, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. This is a civil action brought to recover a real estate broker's commission on an alleged contract which was not reduced to writing. The contract was purportedly entered into during April 1967, some five years after the

enactment of P. L. 1962, chap. 162, now G. L. 1956, §9-1-4, as amended. It provides in pertinent part:

"No action shall be brought:

\* \* \*

"*Sixth.* Whereby to charge any person upon any agreement or promise to pay any commission for or upon the sale of any interest in real estate.

"Unless the promise or agreement upon which such action shall be brought, or some note or memorandum thereof, shall be in writing, and signed by the party to be charged therewith, or by some other person by him thereunto lawfully authorized."

The plaintiff commenced this action on January 22, 1968, and on March 25, 1968, a superior court justice granted the defendant's motion for summary judgment. The plaintiff has seasonably appealed.

Mindful of our holdings in *Heyman* v. *Adeack Realty Co.,* 102 R. I. 105, 228 A.2d 578 and *Dooley* v. *Lachut,* 103 R. I. 21, 234 A.2d 366, plaintiff nevertheless asks us to reconsider the holdings of those cases in light of the alleged circumstances in the instant action. As we stated in *Heyman, supra,* the applicable statute "\* \* \* must be strictly construed and strictly applied." 228 A.2d at 581. We further held in that case that the doctrine of *quantum meruit* was not applicable so as to avoid the legislative intent of the statute. Moreover, in *Dooley, supra,* we held that the doctrine of part performance was similarly inapplicable so as to avoid the legislative intent.

We see no reason to change our holdings in *Heyman* and *Dooley.* If the statute in question works some inequities in particular cases, it is within the purview of the legislature and not this court to correct what is now well-settled public policy.

The plaintiff's appeal is therefore denied and dismissed, and the summary judgment for the defendant is affirmed.