265 A.2d 328.

ABRAM M. ZEXTER *vs.* ALFRED CERRONE *et al.*

MAY 7, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. This civil action was brought in the Superior Court to recover a real estate commission. The plaintiff, a real estate broker, alleges that the defendants orally engaged him to find and procure a satisfactory tenant for their premises in the City of Providence, that he succeeded, and that the premises were leased to such a tenant for a term of 12 years with renewal covenants for an additional 30 years. The defendants moved for summary judgment on the ground that neither the alleged promise to pay the commission nor any note or memorandum thereof was in writing. Their motion was granted, judgment entered, and the plaintiff appealed.

The only question is whether an oral agreement to pay a commission for procuring a lease of real estate for a fixed term of years is enforceable within the contemplation of G. L. 1956, §9-1-4, as amended by P. L. 1962, chap. 162, sec. 1. It reads:

"Statute of frauds. — No action shall be brought:
"* * *

"*Sixth.* Whereby to charge any person upon any agreement or promise to pay any commission for or upon the sale of any interest in real estate.

"Unless the promise or agreement upon which such action shall be brought, or some note or memorandum thereof, shall be in writing, and signed by the party to be charged therewith, or by some other person by him thereunto lawfully authorized."

In the cases which have come to us since enactment, we have decided that application of the amendment will preclude a real estate broker whose engagement is oral from recovering a commission for procuring a sale of a freehold estate irrespective of whether the action is based on the contract, on quantum meruit for services rendered, or on a theory of estoppel. *Wright* v. *Smith,* 105 R. I. 1, 249 A.2d 56; *Dooley* v. *Lachut,* 103 R. I. 21, 234 A.2d 366; *Heyman* v. *Adeack Realty Co.,* 102 R. I. 105, 108-09, 228 A.2d 578, 580-81.

In this case, what we may previously have said is of no assistance for here we are concerned with a lease, rather than with a transfer of an interest in fee, and what we must decide is whether the 1962 amendment extends to a contract to pay a commission for obtaining a tenancy for a term of years. The plaintiff says that it does not. He points to the first paragraph of our statute of frauds[1] which clearly distinguishes between the sale of real estate and the making of a lease, and he argues that the legislature's failure to adopt the familiar phraseology of that paragraph as the model for the 1962 amendment evidences that its concern was with the commission due upon sales and not upon leases of real estate.

That argument is unacceptable. On the one hand, it assumes that only by resort to the tried and tested lan-

---

[1]The first paragraph of the statute of frauds G. L. 1956, §9-1-4 reads as follows:

"No action shall be brought:

"*First.* Whereby to charge any person upon any contract for the sale of lands, tenements or hereditaments, or the making of any lease thereof for a longer time than one (1) year * * *."

guage of the first paragraph could the legislature have evidenced an intention to bring leases within the purview of the statute; on the other, it ignores the alternate verbal expressions which were available to the legislature for barring recovery on oral agreements to pay commissions for securing leases. To indulge in that assumption in these circumstances is to speculate on why the legislature, in drafting the 1962 addition, decided not to speak of promises or agreements to pay commissions for or upon "* * * the sale of lands, tenements or hereditaments or the making of any lease thereof * * *." Our primary concern, however, is not to inquire why the legislature elected not to use certain phraseology, but to ascertain what it meant when it used the language "sale of any interest in real estate."

That issue is not novel. It has been decided by other courts. While a casual reading of the cases indicates an apparent disagreement, a close examination discloses that they divide, not on substantive issues, but upon whether the particular enactment speaks of an oral promise to pay a commission upon a "sale of real estate" or upon a "sale of any interest in real estate." The two expressions are quite different, and each evidences a different legislative intention. The cases make this quite clear.

Generally the authorities say that the words "sale of real estate" unaccompanied by qualifying language are words of art. Construed in that sense, they disclose a legislative intention to exclude estates for a definite term of years which the common law regarded as personal property rather than real estate;[2] and as a corollary they indi-

---

[2]Cases adopting this view and the statutory language they construed are: *Dabney* v. *Edwards,* 5. Cal.2d 1, 53 P.2d 962 ("to purchase or sell real estate"); *Myers* v. *Arthur,* 135 Wash. 583, 238 P. 899 ("to sell or purchase real estate"); *Woolley* v. *Wycoff,* 2 Utah 2d 329, 273 P.2d 181 ("to purchase or sell real estate"); *Klie* v. *Hollstein,* 98 N.J.L. 473, 120

cate an intention to encompass only those estates or interests in real property which at common law rose to the dignity of real estate.

Conversely, when a statute qualifies the word "sale" with the words "of any interest in real estate" or a like phrase, the courts conclude differently.[3] Those authorities reason that the selection of that qualifying language is significant of legislative intention: first, because a lease for a fixed term of years, irrespective of its common law classification, is nonetheless an "interest in real estate,"[4] and, secondly, because the embracing phrase "sale of any interest in real estate" was chosen in preference to such limiting expressions as "sale of a fee" or "sale of the whole interest of the vendor in the real estate." We see no sound reason for not following the lead of these authorities.

The plaintiff also contends that for us to read the word "leases" into the 1962 amendment will make it possible for a property owner under the first paragraph of the statute of frauds, *supra,* note 1, to hold a tenant to an unwritten one-year lease, and at the same time will allow him under the sixth paragraph, *supra,* to refuse to honor an oral agreement to pay a commission to the agent who secured the tenant. That result, plaintiff says, is incon-

---

A. 16 ("for the sale or exchange of any real estate"); *Contra, Stroble* v. *Tearl,* 148 Texas 146, 221 S.W.2d 556 ("for the sale or purchase of real estate").

[3] Illustrative of these cases and of the provisions construed are: *Brenner* v. *Spiegle,* 116 Ohio St. 631, 157 N.E. 491 ("for or upon the sale of an interest in real estate"); *Hannan Real Estate Exchange* v. *Traub,* 217 Mich. 162, 185 N.W. 706 ("for or upon the sale of any interest in real estate"); *Yrisarri* v. *Wallis,* 76 N. M. 776, 418 P.2d 852 ("to purchase or sell lands, tenements or hereditaments or any interest in or concerning them").

[4] 1 R. Powell, *Powell on Real Property,* §98, (1949); *Restatement of Property,* §§9, 21, (1936); 1 H. Tiffany, *Landlord & Tenant,* §16, at 162, (1910); *Mattingly's Ex'r* v. *Brents,* 155 Ky. 570, 159 S.W. 1157; *In re Barnett,* 12 F.2d 73; *Chandler* v. *Hart,* 161 Cal. 405, 119 P. 516.

sistent. The short answer is that the first paragraph is concerned only with contracts to *transfer interests in real estate* whereas the sixth relates to *promises to pay commissions* to the persons whose efforts produced those transfers. Each provision has a separate and independent significance, and, although related, each is intended to accomplish a distinct purpose. That the two may, to a limited extent, follow different approaches to related problems does not mean that they are so irreconcilably in conflict as to be inconsistent.

The plaintiff's appeal is denied and dismissed, and the judgment appealed from is affirmed.

*Abraham Goldstein,* for plaintiff.

*Carmine R. DiPetrillo,* for defendants.