Roger N. BROCHU

v.

Richard SANTIS.

No. 2007–115–Appeal.

Supreme Court of Rhode Island.

Jan. 30, 2008.

Paul R. Crowell, Esq., for Plaintiff.

John O. Mancini, Esq., For Defendant.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

## OPINION

Justice GOLDBERG, for the Court.

This case came before the Supreme Court for oral argument on December 10, 2007, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments of counsel and examining the record and memoranda submitted by the parties, we are of the opinion that cause has not been shown. For the reasons set forth below, we deny the appeal.

### Facts and Travel

The undisputed facts are as follows. The plaintiff, Roger N. Brochu (Brochu or plaintiff), appeals from a summary judgment. In 2004, defendant, Richard Santis (Santis or defendant), a member of Santis, Martins & Croke, LLC, a company engaged in the business of real estate development, contacted Brochu, a real estate salesperson, seeking information about the availability of real estate for the purpose of development. On or about July 31 of that year, Brochu and Santis met to review documents related to a multi-lot parcel located in the vicinity of Division Street and South Bend Street, in Pawtucket, Rhode Island (hereinafter referred to as the property). At that point, the property was not listed for sale, but the record reveals that Brochu was aware that the owners might be amenable to selling it. In a subsequent meeting on or about Au-

gust 2, 2004, defendant expressed an interest in acquiring the property and indicated that he was willing to pay $750,000. The plaintiff prepared a hand-written offer form [1] (offer) reflecting that amount, which he then presented to a representative of the seller. Included within the offer was a term providing for the payment of a "3% commission to RE/MAX Exec." [2] It is undisputed that this commission was to be paid by the seller. Save for this document, there was no written or signed agreement between Brochu and Santis with respect to the property. Notwithstanding, Brochu alleges that there was an agreement for compensation "by virtue of a further standard percent commission or commissions" on the sale of any dwelling that was developed on the property. Significantly, and fatal to plaintiff's case, this agreement was not in writing.

After the offer was submitted, negotiations between Brochu and the seller reached an impasse, and the seller's representative was not responding to his repeated telephone inquiries concerning the offer. At this time, Santis and Brochu agreed to have an attorney contact the seller to pursue the transaction. Eventually, an agreement was reached between Santis and the seller for the purchase of a parcel that comprised a different plat composition. This agreement provided for a purchase price of $1,055,000, and Brochu was not compensated under the terms of that agreement. Indeed, plaintiff says that he found out about the sale after reading a notice of a public hearing in a newspaper that set forth defendant's plans to develop the reconfigured parcel.

Seeking compensation for the services that he allegedly performed for defendant in connection with the property,[3] plaintiff filed a verified complaint in the Superior Court on April 26, 2005, alleging multiple causes of action, including fraud, breach of implied contract, breach of good faith and fair dealing, and also seeking damages based on *quantum meruit*. On May 16, 2005, defendant moved to dismiss the complaint under Rule 12(b)(6) of the Superior Court Rules of Civil Procedure, which motion was denied. In his answer, defendant asserted the affirmative defenses of Statute of Frauds, estoppel, laches, accord and satisfaction, and failure to state a claim upon which relief may be granted. On August 23, 2006, defendant filed a motion for summary judgment, arguing that any agreement between the parties was a contract for the sale of land for which, in accordance with the Statute of Frauds, G.L.1956 § 9-1-4, a writing was required. The plaintiff objected, alleging that material issues of fact existed, including his disputed contention that the parties entered into a contract for a finder's fee, in which defendant promised to compensate plaintiff with the listing agreements for any dwellings that were developed on the property.

A hearing was conducted in the Superior Court on January 9, 2007, and an order granting summary judgment was entered in favor of defendant on January 23, 2007. A final judgment, reflecting that order, was entered against plaintiff on all counts on February 16, 2007. The plaintiff filed a timely notice of appeal from that judgment.

---

1. The offer sheet, entitled "OFFER TO PURCHASE REAL ESTATE," was a standardized RE/MAX Executives form. On August 2, 2004, Brochu, Santis, and RE/MAX Executives executed the offer form.

2. RE/MAX Executives was the name of the real estate agency Brochu once owned.

3. The plaintiff estimated that he worked up to eight hours on this proposed sale.

### Standard of Review

This Court reviews the grant of summary judgment on a *de novo* basis. *United Lending Corp. v. City of Providence*, 827 A.2d 626, 631 (R.I.2003). "[W]e will affirm a summary judgment if, after reviewing the admissible evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Lucier v. Impact Recreation, Ltd.*, 864 A.2d 635, 638 (R.I.2005) (quoting *DiBattista v. State*, 808 A.2d 1081, 1085 (R.I.2002)). When the party moving for summary judgment has alleged that there are no issues of material fact in dispute, the nonmoving party has the burden of producing evidence that sets forth specific facts showing that a genuine issue of material fact exists in the case. *The Providence Journal Co. v. Convention Center Authority*, 774 A.2d 40, 46 (R.I.2001) (citing *Bourg v. Bristol Boat Co.*, 705 A.2d 969, 971 (R.I.1998)).

### Analysis

The plaintiff argues that the trial justice erred when she granted summary judgment because an oral contract was formed by the parties that provided for consideration in the form of a finder's fee and not a traditional real estate commission. The plaintiff also asserts that, even if this Court agrees with the trial justice that the evidence to support a finder's-fee contract was insufficient, then the doctrine of promissory estoppel saves his claim. However, the trial justice concluded that the evidence before her, at best, amounted to a commission-based real estate contract that was not in writing as required by the Statute of Frauds and that, consequently, there was no issue of material fact before the court. We agree.

After asking counsel to set forth the terms of the alleged finder's-fee contract—specifically when it was reached, its duration, and consideration—the trial justice concluded that there was no evidence before her with respect to a finder's-fee agreement. She deemed plaintiff's inability to articulate the fees associated with the alleged finder's agreement to be fatal to his claim. In granting defendant's motion for summary judgment, the trial justice held that plaintiff failed to demonstrate that a genuine issue of material fact exists to support a finder's fee as opposed to a contract for a real estate commission.

This Court consistently has declared that a party opposing summary judgment "bears the burden of proving the existence of a disputed material issue of fact and, in so doing, has an affirmative duty to produce specific evidence demonstrating that summary judgment should be denied." *Hudson v. City of Providence*, 830 A.2d 1105, 1106 (R.I.2003). A party facing summary judgment may not "rest upon mere allegations or denials in the pleadings, mere conclusions, or mere legal opinions[.]" *Rhode Island Depositors Economic Protection Corp. v. Tasca*, 729 A.2d 707, 709 (R.I.1999) (quoting *Rhode Island Depositors Economic Protection Corp. v. NFD Co.*, 687 A.2d 452, 454 (R.I. 1997)).

In the absence of requisite evidence that the parties entered into an oral agreement for a finder's fee, we are satisfied that the trial justice properly granted summary judgment. Despite plaintiff's unsubstantiated assertions in an affidavit that an oral finder's fee contract exists in this case, we are of the opinion that at best, there was an oral contract for a real estate commission. Significantly, the only writing produced by plaintiff was the handwritten offer which provided that RE/MAX Executives would be paid a 3 per-

cent commission for a different parcel at a different price. Even when viewed in a light most favorable to plaintiff, it is clear that the offer—a document signed by defendant—is reflective of a commission-based agreement, not a finder's fee, and certainly not a fee to be paid by defendant.

Although we need not dwell on the distinction between a finder's fee and a commission in this factual setting, this Court generally has held that a "finder does not negotiate any terms of the agreement." *Bottomley v. Coffin*, 121 R.I. 399, 404, 399 A.2d 485, 488 (1979).

In this state, the Statute of Frauds requires that an individual seeking the payment of a commission in connection with the sale of real estate is denied recovery, unless the agreement is documented in writing. *Metro Properties, Inc. v. Yatsko*, 763 A.2d 617, 620 (R.I.2000); *Zexter v. Cerrone*, 107 R.I. 92, 94, 265 A.2d 328, 328 (1970). The Statute of Frauds, which must be strictly construed and strictly applied, *Heyman v. Adeack Realty Co.*, 102 R.I. 105, 108, 228 A.2d 578, 581 (1967), provides in pertinent part as follows:

"No action shall be brought:

" * * *

"(6) whereby to charge any person upon any agreement or promise to pay any commission for or upon the sale of any interest in real estate, unless the promise or agreement upon which the action shall be brought, or some note or memorandum thereof, shall be in writing, and signed by the party to be charged therewith, or by some other person by him or her thereunto lawfully authorized." Section 9-1-4(6).

Accordingly, we are satisfied that the alleged oral agreement for the payment of a commission upon the sale of real estate is unenforceable.

Alternatively, plaintiff contends that the contract lies outside the reach of the Statute of Frauds because defendant fraudulently represented that plaintiff would serve as the future listing agent for any dwellings that were built on the property. This argument is of no assistance to plaintiff. We have refused to allow allegations of fraud, standing alone, to circumvent the Statute of Frauds because in so doing we "would reopen the floodgates of litigation which were closed when clause sixth [of the Statute of Frauds] became law." *Dooley v. Lachut*, 103 R.I. 21, 25, 234 A.2d 366, 368 (1967). The Statute of Frauds is a venerable doctrine, and mere allegations of fraud, without accompanying evidence, are insufficient to remove an oral contract from its purview. *See Metro Properties, Inc.*, 763 A.2d at 620 ("Even if allegations of fraud are true, a broker is not entitled to a commission unless he has a written agreement for the payment of same.").

Finally, we are satisfied that plaintiff's promissory estoppel and *quantum meruit* claims are equally unavailing. The plaintiff's alleged finder's fee was to be compensated in the form of future commissions, which he acknowledges are subject to the Statute of Frauds. This Court has held that an oral agreement precludes recovery of a commission "irrespective of whether the action is based on the contract, on quantum meruit for services rendered, or on a theory of estoppel." *Zexter*, 107 R.I. at 94, 265 A.2d at 328–29 (citing *Wright v. Smith*, 105 R.I. 1, 2, 249 A.2d 56, 57 (1969); *Dooley*, 103 R.I. at 24, 234 A.2d at 368; *Heyman*, 102 R.I. at 108–09, 228 A.2d at 580–81). It is well-settled that "any attempt to apply the doctrine of promissory estoppel to real estate brokerage agreements so as to take them out of the statute would, in the absence of fraud, defeat the very purpose for which clause

Sixth was enacted, specifically, protection against the assertion of unfounded claims." *Heyman*, 102 R.I. at 108, 228 A.2d at 580. We decline defendant's invitation to overturn this well-settled precedent.

### Conclusion

For the reasons stated in this opinion, we affirm the judgment in this case. The record shall be remanded to the Superior Court.